**Brian J. BURROUGHS, Plaintiff,**

v.

**The HOLIDAY INN, Rochester, New York; The City of Rochester, New York; Strong Memorial Hospital; and The Rochester Psychiatric Center, Defendants.**

**No. CIV–85–333T.**

United States District Court, W.D. New York.

April 17, 1985.

Brian J. Burroughs, Rochester, N.Y., pro se.

Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., for Holiday Inn; Mary Ann Rogers, of counsel.

Louis N. Kash, Corp. Counsel, Rochester, N.Y., for City of Rochester; Michael J. Looby, Deputy Corp. Counsel, of counsel.

Osborn, Considine, Reed, Van De Vate & Burke, Rochester, N.Y., for Strong Memorial Hosp.; Jeffrey M. Wilkens, of counsel.

Robert Abrams, N.Y.S. Atty. Gen., Rochester, N.Y., for Rochester Psychiatric Center; Carlos Rodriguez, Ass't. Atty. Gen., of counsel.

## DECISION and ORDER

TELESCA, District Judge.

Defendant, the City of Rochester, moves to dismiss portions of plaintiff's complaint on the grounds that plaintiff failed to meet the notice of claim requirement which is a condition precedent to maintenance of an action against the City under New York General Municipal Law Sections 50–e and 50–i. Plaintiff, Brian Burroughs, argues that compliance with those requirements should not be required in a Federal civil rights action brought pursuant to 42 U.S.C. Section 1983.[1]

The City of Rochester does not dispute that "there is considerable federal authority in this Circuit for the proposition that

---

1. In the alternative, plaintiff also argues that he did file a timely notice of claim which satisfied the requirements of the General Municipal Law.

Because of my disposition of the question of law presented here, I need not reach that issue.

notice of claim requirements simply do not apply to actions brought under the federal civil rights statutes because such conditions unfairly infringe upon the assertion of federally created rights". *Paschall v. Mayone*, 454 F.Supp. 1289, 1298 (S.D.N.Y. 1978). The last time the question was squarely decided by the Court of Appeals from this Circuit, it held that notice of claim requirements under New York State law are not applicable to Federal civil rights actions. *Brandon v. Board of Education of Guilderland Central School District*, 635 F.2d 971, 973–4 fn. 2 (2d Cir. 1980), *cert. denied*, 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981).

The rationale underlying the Court's decision in *Brandon* was more recently reaffirmed by the Court in the related context of selecting a statute of limitations for Section 1983 actions. The Court repeated its "concern that a relatively short limitations period would not be consistent with the broad remedial purposes of Section 1983". *Pauk v. Board of Trustees of City University of New York*, 654 F.2d 856, 862 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). The Court refused "to apply a state policy restricting remedies against public officials to a federal statute that is designed to augment remedies against those officials, especially a federal statute that affords remedies for the protection of constitutional rights". *Id.* That conclusion was subsequently quoted with approval by the Supreme Court in *Burnett v. Grattan*, — U.S. ——, 104 S.Ct. 2924, 2932 fn. 18, 82 L.Ed.2d 36 (1984).

Despite the unambiguous and controlling decision of the Second Circuit Court of Appeals on this question, the City of Rochester urges this Court to reach a contrary conclusion on the basis of two recent decisions, *Mills v. County of Monroe*, 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456 (1983) and *Cardo v. Lakeland Central School District*, 592 F.Supp. 765 (S.D.N.Y.

1984). Of course, neither of those cases could possibly have the effect of overruling the Second Circuit's decision in *Brandon;* nor did either rely upon any doctrinal developments subsequent to that decision. That fact alone is sufficient to require the rejection of defendant's position. The courts in *Mills* and *Cardo* simply disagreed with the Second Circuit Court of Appeals in their judgment as to whether the burden of complying with New York's notice of claim requirements would be inconsistent with the broad remedial purposes of Federal civil rights law. Until the Second Circuit sees fit to revise its judgment on that matter, however, this Court is compelled to adopt that position.

Finally, even if this Court were free to second-guess the wisdom of the court's holding in *Brandon,* I would not agree with defendant that the contrary result subsequently reached by two lower courts is more "persuasive". In *Mills* and *Cardo,* the courts concluded that New York's notice of claim requirements should be applicable to Section 1983 actions because those provisions of state law are not "inconsistent" with federal law. But that reasoning puts the cart before the horse, because federal courts are required to observe state procedural rules (to the extent consistent with federal law) only where there is "a void . . . in federal statutory law", *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980), rendering federal law "unsuitable or inadequate". *Chardon v. Soto*, 462 U.S. 650, 103 S.Ct. 2611, 2615, 77 L.Ed.2d 74 (1983).[2] Yet neither *Mills* nor *Cardo* offers any explanation as to how the absence of a notice of claim requirement in Section 1983 creates the sort of void which renders the statute incomplete or deficient without resorting to state law. Surely not every area in which the statute is silent repre-

---

**2.** 42 U.S.C. Section 1988 directs District Courts to rely on federal law in civil rights actions "so far as such laws are suitable to carry the same into effect", and to resort to state rules of law in

those cases where federal laws "are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law".

sents a flaw or gap to be filled by consistent state laws.[3]

Accordingly, the City of Rochester's motion to dismiss the complaint, on the grounds that plaintiff failed to file a proper or timely notice of claim, is denied. The balance of defendant's motions shall be decided separately.

ALL OF THE ABOVE IS SO ORDERED.

**3.** In *Tomanio, supra,* in concluding that Section 1983 was governed by a state's statute of limitations and tolling provisions, the Supreme Court did not rely on the mere fact that federal law was "silent" in this area. Rather, the court reasoned that Congress, by its mere silence, could not be presumed to have intended to create a cause of action which would not be subject to such fundamental statutory provisions as a period of limitations and tolling rules. 446 U.S. at 488, 100 S.Ct. at 1797. Clearly, no similar conclusion can be drawn from Congress' failure to require a notice of claim prior to commencement of an action under Section 1983.