**Timothy WILLIAMS, Plaintiff,**

v.

**Thomas ALLEN and Joseph
Soviero, Defendants.**

**No. 81 Civ. 1886.**

United States District Court,
E.D. New York.

Aug. 26, 1985.

Harold F. Damm, Mineola, N.Y., for plaintiff.

Carnell T. Foskey, County Atty. of Nassau County, Mineola, N.Y., for defendant Allen.

Joseph F. Soviero, Garden City, N.Y., pro se.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is an action brought pursuant to 42 U.S.C. § 1983 in which plaintiff, a prisoner, alleges violations of his civil rights by defendant Thomas Allen, a member of the

Nassau County Police Department, and defendant Joseph Soviero, an attorney, in connection with plaintiff's prosecution for murder in the Supreme Court, Nassau County, in 1980–81.[1] Specifically, plaintiff alleges in his amended complaint that defendant Allen used excessive force to coerce him into confessing to the murder charge, and that defendant Soviero, who was appointed by the Court to represent plaintiff, failed to do so in a competent manner. Plaintiff seeks an award of damages as well as attorneys' fees, costs and interest.

Defendant Allen has moved to dismiss the complaint against him for failure to commence this action within the applicable limitations period, failure to file a notice of claim and failure to state a claim. For the reasons set forth below, defendant Allen's motion is denied in its entirety.

*Background*

The relevant facts with respect to defendant Allen are as follows. On April 20, 1980 plaintiff was arrested and allegedly beaten by defendant Allen. *See* Amended Complaint ¶¶ 8–25. Plaintiff was subsequently convicted and sentenced, and filed this action *pro se* on June 8, 1981, some fourteen months after his arrest. The plaintiff's original complaint was sixteen pages long and detailed his claims in a narrative manner. Leave to prosecute this action *in forma pauperis* was granted, along with a direction that process be issued to the United States Marshal for service upon the defendants, on September 2, 1981 by Judge Mishler. The Marshal attempted service on Allen by serving the Office of the Nassau County District Attorney on September 21, 1981.

On October 9, 1981, the Nassau County Attorney moved to dismiss on behalf of defendant Allen (and another former defendant) for lack of personal jurisdiction or failure to state a claim, or, in the alternative, for a more definite statement. Shortly thereafter, plaintiff requested appointment of counsel. The Clerk of the Court

---

**1.** Additional defendants have been dismissed from this action at this time.

was directed to appoint counsel on December 6, 1982,[2] and present counsel for plaintiff accepted appointment and filed a notice of appearance on May 16, 1983.

Neither counsel for plaintiff nor counsel for defendants prodded this action along on the court calendar, and the outstanding motion to dismiss filed in October 1981 was not heard until October 12, 1984. Counsel for Allen did not appear for oral argument of that motion; however, Allen's motion to dismiss for improper service was granted, with leave to plaintiff to serve Allen properly within thirty days. Following some confusion as to the date by which plaintiff was to re-serve Allen,[3] plaintiff was granted an additional twenty days during which he could personally serve Allen with a summons and an amended complaint at the conclusion of a hearing conducted on April 12, 1985. Allen was personally served with process within the twenty-day period, on May 1, 1985, at 1490 Franklin Avenue in Garden City, the same address where Allen was improperly served in September 1981.

*Discussion*

### 1. Statute of Limitations

■ The applicable statute of limitations in an action brought pursuant to 42 U.S.C. § 1983 is the state limitations period for personal injury actions. *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 1947–48, 85 L.Ed.2d 254 (1985). In New York, that period is three years. C.P.L.R. § 214. *Rodrigues v. Village of Larchmont*, 608 F.Supp. 467, 477 (S.D.N.Y.1985). A federal

action is commenced upon the filing of the complaint, Fed.R.Civ.P. 3, as compared to an action brought in a New York state court, where the limitations period is tolled only after the defendant is served with process or otherwise notified of the filing of the summons and complaint. *See* C.P.L.R. § 203. Because this action was commenced only fourteen months after April 20, 1980, when the claim arose, it was timely filed.

Although this action was commenced in a timely manner, it is true that defendant Allen was served some 3½ years after the filing of the complaint. Pursuant to Rule 4(j) of the Federal Rules of Civil Procedure,[4] the claim against Allen could be dismissed on that basis alone. That rule, however, became effective on February 26, 1983. Prior to that time there was no fixed period during which the summons had to be served following the filing of a complaint; rather, a flexible due diligence standard was applied. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 n. 6 (2d Cir.1985), (citing Siegel, Practice Commentaries U.S.C.A. Rule 4, at 54 (West Supp. 1985)).

■ Under either the Rule 4(j) or flexible due diligence standard, I decline to dismiss the complaint against Allen in this action. When service was first attempted upon Allen, the incarcerated *pro se* plaintiff depended solely upon the United States Marshal to effect service. Under such circumstances, dismissal is inappropriate. *Korka-*

---

2. This action was transferred to my docket some time after I assumed the bench in January 1982.

3. At the October 12, 1984 hearing, the Court directed either of the attorneys then present to inform Allen's counsel of the decision rendered from the bench, and to request that she submit an order. Plaintiff's counsel notified the County Attorney, by letter dated October 16, 1984, and suggested that she submit an order as to defendant Allen and another former defendant. Court document # 24, Exh. A. Neither plaintiff nor the County Attorney submitted an order. Thereafter, in April 1985, plaintiff moved for leave to file an amended complaint, and for permission to re-serve Allen by serving the County Attorney. At that time counsel for Allen

argued that plaintiff was permitted to re-serve Allen within 30 days *of the October 12, 1984 decision,* while counsel for plaintiff stated his belief that Allen was to be re-served within 30 days *after an order was entered* memorializing the October 12 decision.

4. Fed.R.Civ.P. 4(j) provides in pertinent part:
   If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed without prejudice upon the court's own initiative with notice to such party or upon motion.

*la v. National Security Agency,* 107 F.R.D. 229, 230 (E.D.N.Y.1985) (Glasser, J.) (where failure to serve is solely the fault of the Marshal, plaintiff has good cause for failure to serve defendants in a timely manner); *Davis v. Krauss,* 478 F.Supp. 823, 826 (E.D.N.Y.1979) (where Marshal served defendants three months after statute of limitations had run, complaint would not be dismissed) (pre-Rule 4(j) ). In addition, the time to comply with Rule 4(j) may be extended pursuant to Rule 6(b). 4 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1138 (Supp.1985); *see also Arroyo v. Wheat,* 102 F.R.D. 516 (D.Nev. 1984). In effect, by granting plaintiff additional time to re-serve Allen on October 12, 1984 and then on April 12, 1985, I granted plaintiff an extension of the time permitted under Rule 4(j) pursuant to Rule 6(b). Because the summons and amended complaint were properly served upon Allen within 20 days of April 12, 1985, I decline to dismiss the amended complaint as untimely served.

### 2. Notice of Claim

Plaintiff's failure to file a timely notice of claim with respect to his claims against defendant Allen, pursuant to N.Y.Gen. Mun.Law § 50(e),[5] presents a more difficult problem. While Allen contends that this error by the then *pro se* plaintiff bars the claim against him, plaintiff urges that a notice of claim requirement is inapplicable in federal § 1983 actions brought in this Circuit. Certainly the plaintiff's position was correct until at least 1983. *See, e.g., Brandon v. Board of Education,* 635 F.2d 971, 973–74 n. 2 (2d Cir.1980), *cert. denied,* 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981); *Davis v. Krauss, supra,* 478 F.Supp. at 825. "If applied, such a notice of claim provision would substantially interfere with the exercise of an important

federal right." *Id.* (citations omitted). In 1983, however, the New York Court of Appeals decided the case of *Mills v. County of Monroe,* 59 N.Y.2d 307, 451 N.E.2d 456, 464 N.Y.S.2d 709, *cert. denied,* 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983). Acknowledging that the federal district courts sitting in New York have not applied state notice of claim statutes to actions brought under 42 U.S.C. § 1981 or § 1983, 451 N.E.2d at 457, 464 N.Y.S.2d at 710, the *Mills* court held that a plaintiff's failure to file a timely notice of claim in a § 1981 suit was fatal to the maintenance of her action against the municipality. The court reasoned:

[T]he flexibility with which the timeliness requirement of the notice statute may be applied and the existence of a judicially created exception to the notice requirement indicate that the statute causes no undue inhibition to the bringing of civil rights actions. In the area of civil rights, this court has recognized an important exception to the notice requirement. In *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v. New York State Human Rights Appeal Bd.,* 35 N.Y.2d 371, 380, 362 N.Y.S.2d 139, 320 N.E.2d 859, it held that notice of claim requirements do not apply to actions brought "to vindicate a public interest." All actions brought to enforce civil rights can be said to be in the public interest.... But, actions that are brought to protect an important right, which seek relief for a similarly situated class of the public, and whose resolution would directly affect the rights of that class or group are deserving of special treatment. The interests in their resolution on the merits override the State's interest in receiving timely notice before commencement of an action....

---

**5.** Section 50–e of the New York General Municipal Law provides in relevant part:

1. When service required; time for service; upon whom service required.

a. In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an

action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises.

Even if a civil rights action seeks to enforce only the private or personal rights of the plaintiff ... the statute itself permits relief from the notice requirement through an application to the court to serve late notice (see General Municipal Law, § 50–e, subd. 5). Although the notice requirement relevant to this action provides generally that a plaintiff must file notice within 90 days after the claim arises (see County Law § 52; General Municipal Law, § 50–e, subd. 1, par. [a] ), "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim," so long as the extension does not exceed the time limit for commencement of the action (General Municipal Law, § 50–e, subd. 5). The court, in deciding whether to grant leave, will consider various factors, including when the governmental subdivision had acquired knowledge of the relevant facts and whether the delay had caused the defendant substantial prejudice in maintaining its defense (id.). For these reasons, application of the relevant notice provision to actions brought under the Federal civil rights laws cannot be said to offend the Federal policy underlying those laws.

59 N.Y.2d at 311–12, 451 N.E.2d at 458, 464 N.Y.S.2d at 711 (citations omitted). The *Mills* court reasoned further that due to the availability, albeit limited, of a waiver of the notice of claim requirement, discussed in the portion of *Mills* quoted *su-*

*pra,* or the ability to file a late notice of claim,[6] "application of the relevant notice provision to actions brought under the Federal civil rights laws cannot be said to offend the Federal policy underlying those laws." *Id.* Finding that the plaintiff's complaint referred to conduct that related only to her and could not be characterized as an attempt to vindicate a public interest, the *Mills* court determined that the plaintiff was ineligible for a complete waiver of the notice of claim requirement and affirmed the Appellate Division's dismissal of the complaint.

If the state court decision in *Mills* were to be applied to this case, it is clear that this plaintiff would be barred from relief because like the plaintiff in *Mills,* the plaintiff here complains only of conduct that relates to himself and not to the general public interest. The only two published decisions interpreting *Mills* are also of no help to this plaintiff. In *Brown v. United States,* 742 F.2d 1498 (D.C.Cir.1984), *cert. denied sub nom., District of Columbia v. Brown,* —— U.S. ——, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985), the court concurred with the majority of federal courts in holding that state notice of claim provisions should not be borrowed in federal § 1983 actions. *Id.* at 1509 & n. 6. Without commenting upon the propriety of the *Mills* decision, the *Brown* court distinguished *Mills* based on the "unusual flexibility" of New York's notice of claim statute. *Id.*

---

6. The portion of § 50–e which governs a plaintiff's ability to file a late notice of claims states:

Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.

An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation.

In *Cardo v. Lakeland Central School District*, 592 F.Supp. 765, 772–73 (S.D.N.Y. 1984), however, the court did adopt the *Mills* approach, thus barring the plaintiff's § 1983 claim against the School District when the plaintiff failed to file a notice of claim until five months after the last day when he had taught at the school involved.[7] At this time *Cardo* is the only decision by a federal court interpreting—and adhering to—the notice of claim borrowing rule set forth in *Mills*.

■ I decline to follow the rationale of *Mills* and *Cardo*. It is not incumbent upon a federal court to apply a procedural rule of the forum state when doing so would effectively extinguish an important federal right. *See, e.g., Davis v. Krauss, supra*. Applying the reasoning of *Mills*, the plaintiff here would not be subject to the notice of claim requirement *at all* if he were raising a claim on behalf of a larger group of persons allegedly subject to police brutality in the manner charged in the amended complaint; in such circumstances, his claim would be considered to be "in the public interest." To waive the notice of claim requirement in that situation but bar the individual plaintiff from the possibility of obtaining relief here is exalting the civil rights of the many over that of the individual who, like the formerly *pro se* prisoner here, is *less* able to enforce his rights. The Second Circuit has frowned upon such re-

sults in the past. *See, e.g., Taylor v. Mayone*, 626 F.2d 247, 253 (2d Cir.1980) (" 'To create different limitations periods for two similarly situated classes of defendants would create a distinction without a difference, and would engender unnecessary confusion for litigants and judges alike.' ") (quoting *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 449 (2d Cir. 1980) )[8]; *see also Altaire Builders, Inc. v. Village of Horseheads*, 551 F.Supp. 1066 (W.D.N.Y.1982).[9] Moreover, this conclusion appears consistent with the post-*Mills*, post-*Cardo* decision of the Supreme Court in *Wilson v. Garcia, supra*, where the Court was concerned with establishing some degree of uniformity in § 1983 actions:

> If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach *different statutes of limitations would be applied to various § 1983 claims arising in the same State*, and multiple periods of limitations would often apply to the same case. There is no reason to believe that Congress would have sanctioned this interpretation of its statute.

7. The time during which the plaintiff in *Cardo* could file a notice of claim was governed by N.Y.Educ.Law § 3813(1), which specified a three month period. In contrast with *Cardo* is *Brandon v. Board of Education, supra*, a pre-*Mills* decision, wherein the Second Circuit upheld the trial court's refusal to dismiss the complaint for failure to comply with § 3813(1) because such compliance "is not mandatory in civil rights actions brought pursuant to 42 U.S.C. § 1983." 635 F.2d at 973–74 n. 2 (citations omitted).

8. In *Taylor*, the court held that a federal civil rights suit against a sheriff would be governed by the three-year statute of limitations (C.P.L.R. § 214(2) ) traditionally applied by the Second Circuit to § 1983 actions, instead of the one-year statute of limitations generally imposed by C.P.L.R. § 215(1) with respect to an action against a sheriff. In the portion of the *Quinn*

decision referred to in the text accompanying this footnote, the court held that a federal § 1983 action against a municipality would be governed by the three-year period set forth in C.P.L.R. § 214(2) and not the one year and ninety day provision of New York Gen. Mun.Law § 50–i(1) pertaining to actions for torts against a municipality.

9. The *Altaire Builders* court stated:

> Like [General Municipal Law] section 50–i, the notice of claim provision was intended to restrict remedies for the tortions conduct of municipal employees. Inasmuch as section 1983 was intended to *augment* a citizen's remedies for constitutional infringements by public officials, courts within this circuit have refused to apply the ninety-day limitation in a civil rights action.

551 F.Supp. at 1076 (emphasis added).

105 S.Ct. at 1946 (footnotes omitted) (emphasis added). Although we are here concerned not with multiple limitations periods in the same manner as was the court in *Wilson,* we are confronted with the possible application of a highly restrictive notice of claim statute which, albeit somewhat flexible, would likely impinge the enforceability of the substantial constitutional rights of individuals who complain of conduct not referable to the public at large, but solely to themselves.[10]

### 3. Failure to State a Claim

■ Defendant Allen also urges that the plaintiff has failed to state a claim under § 1983, or, in the alternative, has moved for a more definite statement. A motion to dismiss for failure to state a claim may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (quoting *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ). This Circuit has directed that this requirement should be strictly applied to a claim brought under the Civil Rights Act. *Escalera v. New York City Housing Authority,* 425 F.2d 853, 857 (2d Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970). To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, acted or failed to act in such a manner that caused plaintiff to be deprived of a right or rights guaranteed him under the United States Constitution or by federal statute. Without detailing the allegations of the amended complaint, it is sufficient to state that plaintiff has alleged these elements.

■ In addition, I note that the amended complaint clearly states the date, place and circumstances of plaintiff's claim against Allen. A motion for a more definite statement "is proper only when the pleading to which it is addressed is so vague that it cannot be responded to" and "the only information obtainable [by means of such a motion] is that which is necessary to frame a responsive pleading." 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1377 at 748 (1969). While defendant Allen briefly contends in Point III of his brief that plaintiff's claim against him is vaguely stated, it is more accurate to state that *defendant's own argument* is vaguely stated.

### Conclusion

For the reasons set forth above, defendant Allen's motion to dismiss or for a more definite statement is denied in its entirety.

SO ORDERED.

---

**10.** The result reached here is consistent with that recently decided by another court in this Circuit in *Burroughs v. Holiday Inn,* 606 F.Supp. 629 (W.D.N.Y.1985). There the City of Rochester also moved to dismiss the plaintiff's § 1983 claim for failure to comply with the notice of claim requirements of Gen.Mun.L. §§ 50–e and 50–i. The City relied upon *Mills* and *Cardo.*

Rejecting the City's contentions, the *Burroughs* court denied the motion to dismiss. Finding that neither of those cases "could possibly have the effect of overruling the Second Circuit's decision in *Brandon* [,] nor did either rely on any doctrinal developments subsequent to that decision," the court felt compelled to follow the rule set forth in *Brandon.* 606 F.Supp. at 630. In addition, however, the court criticized the results reached in *Mills* and *Cardo,* stating that the reasoning of those cases

puts the cart before the horse, because federal courts are required to observe state procedural rules (to the extent consistent with federal law) only where there is a void ... in federal statutory law" ... rendering federal law "unsuitable or inadequate." ... Yet neither *Mills* nor *Cardo* offers any explanation as to how the absence of a notice of claim requirement in Section 1983 creates the sort of void which renders the statute incomplete or deficient without resorting to state law. Surely not every area in which the statute is silent represents a flaw or gap to be filled by consistent state laws.

*Id.* at 630–31 (citations and footnotes omitted).