**Brian J. BURROUGHS, Plaintiff,**

v.

**The HOLIDAY INN, Rochester, New York; the City of Rochester, New York; Strong Memorial Hospital; and the Rochester Psychiatric Center, Defendants.**

**No. CIV–85–33T.**

United States District Court, W.D. New York.

Oct. 29, 1985.

Brian J. Burroughs, pro se.

Nixon, Hargrave, Devans & Doyle (Mary Anne Rodgers, of counsel), Rochester, N.Y., for Holiday Inn.

Osborn, Considine, Reed, Van de Vate & Burke (Jeffrey M. Wilkins, of counsel), Rochester, N.Y., for Strong Memorial Hosp.

Louis N. Kash, Corp. Counsel, (Michael J. Looby, of counsel), Rochester, N.Y., for City of Rochester.

Carlos Rodriguez, Rochester, N.Y., for Rochester Psychiatric Center.

SUPPLEMENTAL DECISION and ORDER

TELESCA, District Judge.

"In 42 U.S.C. § 1988, Congress quite clearly instructs federal courts to refer to state statutes when federal law provides no rule of decision for actions brought under Section 1983." *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980) (internal quotations and brackets omitted). The question

presented in this case is whether a federal action brought under 42 U.S.C. § 1983 is subject to the provisions of New York State law which require the service of a "Notice of Claim" within ninety (90) days after the claim arises as a condition precedent to any tort action against a municipality. New York General Municipal Law §§ 50–e and 50–i. In my previous decision and order dated April 17, 1985, I held that those provisions are not applicable to federal civil rights actions, and accordingly denied a motion by the City of Rochester to dismiss this § 1983 complaint for plaintiff's failure to file a timely notice of claim. *Burroughs v. Holiday Inn*, 606 F.Supp. 629 (W.D.N.Y.1985).[1] The City of Rochester ("The City") now argues vigorously for reconsideration of that holding, chiefly on the authority of a decision reached by the United States Supreme Court on the same day, *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which also concerned the role of § 1988 in federal civil rights actions.

## DISCUSSION

### I.

█ In *Wilson v. Garcia*, the Supreme Court never directly addressed the applicability of state notice of claim requirements to federal civil rights actions. The only legal issue actually decided by the Court in that case was the challenge of determining the most appropriate State statute of limitations to apply to claims brought under § 1983. Nevertheless, the City of Rochester now argues that the *Wilson* decision implicitly requires compliance with General Municipal Law § 50–i in § 1983 actions, and the reversal of this Court's previous decision and order. The City's argument in this respect is unpersuasive, and is ruled out by the *Wilson* decision itself.

In *Wilson v. Garcia*, the United States Supreme Court held that all § 1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the person.[2] In light of that holding, the City of Rochester submits that plaintiff's § 1983 claims are governed by the limitations period set forth in New York General Municipal Law § 50–i for personal injury actions against a city or its employees, including the notice of claim requirement in § 50–e. That argument is untenable, and was rejected by the Supreme Court itself in *Wilson*, 105 S.Ct. at 1949:

> Finally, we are satisfied that Congress would not have characterized § 1983 as providing a cause of action analogous to state remedies for wrongs committed by

**1.** Two days later, an identical conclusion was reached by the Honorable Caleb M. Wright, who held that "There is no basis under federal law to require a plaintiff seeking to maintain a claim under § 1983 to adhere to notice provisions as provided under state law". *Meding v. Hurd*, 607 F.Supp. 1088, 1103 (D.C.Del.1985). *Accord, Waller v. Butkovich*, 584 F.Supp. 909, 946 (M.D. N.C.1984).

**2.** In *this* respect, as the City of Rochester correctly observes, the *Wilson* decision has unquestionably overruled the holding of *Pauk v. Board of Trustees of City University of New York*, 654 F.2d 856 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982), in which the Second Circuit Court of Appeals held that the appropriate statute of limitation for § 1983 actions brought in New York is New York Civil Practice Law and Rules § 214(2), which specifies a three (3) year limitations period for actions to recover upon a liability created

or imposed by statute. (However, the Supreme Court in *Wilson* expressly rejected the suggestion that § 1983 claims might be governed by a state's "catchall period[ ] of limitations for statutory claims". 105 S.Ct. at 1948.)

Contrary to defendant's suggestions, however, that aspect of the holding in *Pauk* was completely irrelevant to my original decision in this case. I relied only on that portion of the *Pauk* decision in which the Court refused to subject § 1983 claims to "a state policy restricting remedies against public officials", 654 F.2d at 862, including § 50–i of the General Municipal Law. *That* aspect of the *Pauk* decision, which was later quoted with approval by the Supreme Court in *Burnett v. Grattan*, 468 U.S. 42, 104 S.Ct. 2924, 2932, fn. 18, 82 L.Ed.2d 36 (1984), was clearly reaffirmed by the Court in *Wilson v. Garcia* when it emphatically rejected any analogy between § 1983 and "state remedies for wrongs committed by public officials". 105 S.Ct. at 1949.

public officials. It was the very ineffectiveness of state remedies that led Congress to enact the Civil Rights Acts in the first place. [Footnote omitted.]

Accordingly, the Court chose to analogize § 1983 to what it described as "general personal injury actions". *Id.* That factor alone compels the rejection of the City's proposed application of the limitations period for actions against municipal defendants in § 50–i.[3]

## II.

For the foregoing reasons, it is clear that *Wilson v. Garcia* does not require any amendment to my previous decision and order in this case. In the alternative, however, the City of Rochester also argues that this Court erred in both its interpretation and its adoption of the holding in *Brandon v. Board of Education of Guilderland Central School District*, 635 F.2d 971, 973–74, n. 2 (2d Cir.1980), *cert. denied*, 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981), which I described as "the unambiguous and controlling decision of the Second Circuit Court of Appeals on this question". 606 F.Supp. at 630. On its motion for reconsideration of that decision, the City of Rochester now argues—for the first time—that *Brandon* was neither unambiguous nor controlling. After careful reconsideration of my decision, I must disagree.

In *Brandon*, 635 F.2d at 973 n. 2, the Second Circuit Court of Appeals affirmed the holding of the District Court that compliance with New York notice of claim requirements is not mandatory in civil rights actions brought pursuant to 42 U.S.C. § 1983.[4] The City of Rochester now submits that the notice of claim discussion in *Brandon* is "dictum", since it is confined to a brief footnote at the outset of a lengthy opinion on the Establishment Clause of the First Amendment. That argument is without merit. "Dictum" generally refers to an observation which appears in the opinion of a court which was "unnecessary to the disposition of the case before it". 1B *Moore's Federal Practice*, ¶ 0.402[2] at 40 (2d Edition, 1984). As the district judge observed in *Brandon*, 487 F.Supp. 1219, 1223 (N.D.N.Y.1980) discussion of the notice of claim question was warranted before consideration of the merits, since a contrary ruling would have required dismissal of the action and rendered determination of the constitutional issues raised in the lawsuit unnecessary. In light of the "settled federal practice" of reaching constitutional questions only when a case cannot be decided on statutory grounds, *New York City Transit Authority v. Beazer*, 440 U.S. 568, 582, 99 S.Ct. 1355, 1364, 59 L.Ed.2d 587 (1979), there is no merit to defendant's suggestion that the notice of claim discussion in *Brandon*, however brief, was "dictum" unnecessary to the disposition of the case.

The City next argues that the position taken by the Second Circuit in *Brandon* is "non-binding", and not a controlling precedent, particularly since the decision was considered and rejected by the more

**3.** Alternatively, the City argues that the applicability of § 50–i is also compelled by the *Wilson* court's emphasis on the federal interest in "uniformity [and] certainty", 105 S.Ct. at 1947, since all lawsuits against public corporations would then be subject to the same procedural requirements, regardless of whether they were state tort actions or federal civil rights claims. That argument rests on a complete distortion of the Supreme Court's reasoning. On the contrary, the *Wilson* court insisted on "unformity" within each state as to the characterization of all § 1983 claims, *Id.*, 105 S.Ct. at 1947 and fn. 35 (citing *Pauk, supra,* 654 F.2d at 866), even though such a rule will often have the conse-

quence of exposing public officials to a different limitations period under § 1983 than is provided under comparable state remedies. *Id.,* at 1949.

**4.** Although the *Brandon* case involved a three (3) month notice of claim requirement under New York Education Law § 3813(1), there is no question that its reasoning is equally applicable here, since the Court of Appeals based its decision on a line of prior cases involving the application of § 50–e of the New York General Municipal Law. The City of Rochester has not attempted to distinguish the case on that basis.

recent and more thorough decision of the New York State Court of Appeals in *Mills v. County of Monroe*, 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456, *cert. denied*, 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983).[5] That position is incorrect. "The doctrine of *stare decisis* compels district courts to adhere to a decision of the Court of Appeals of their Circuit until such time as the Court of Appeals or the Supreme Court of the United States sees fit to overrule the decision." *Owens-Illinois, Inc. v. Aetna Casualty and Surety Company*, 597 F.Supp. 1515, 1520 (D.C.D.C.1984). *Accord*, 1B *Moore's Federal Practice*, ¶ 0.402[1] at 12–14. As the Second Circuit Court of Appeals has recently stated, "a decision by this court, not overruled by the United States Supreme Court, is a decision of the court of last resort in this federal judicial district[,]" and is therefore binding on all inferior courts in the Circuit. *Ithaca College v. N.L.R.B.*, 623 F.2d 224, 228 (2d Cir.1980), *cert. denied*, 449 U.S. 975, 101 S.Ct. 386, 66 L.Ed.2d 237 (1980), quoting *Allegheny General Hospital v. N.L.R.B.*, 608 F.2d 965, 970 (3rd Cir.1979). This conclusion is unaffected by the subsequent contrary decision by the State Court of Appeals in *Mills*. The decision to borrow state procedural rules for the enforcement of § 1983 is a matter of federal rather than state law, and the opinion of the highest court of the state on such questions is therefore not controlling. *Wilson v. Garcia, supra*, 105 S.Ct. at 1944.

### III.

The final argument offered by the City of Rochester in support of its motion for reconsideration is, in effect, that the *Brandon* case was incorrectly decided by the Court of Appeals. In taking that position, the City has forcefully renewed its original argument that the notice of claim requirements of the General Municipal Law are not "inconsistent" with federal law or policy. The City notes that its position on this issue was recently adopted in *Cardo v. Lakeland Central School District*, 592 F.Supp. 765 (S.D.N.Y.1984).

I still hold my original opinion that state law notice of claim requirements are inapplicable here, regardless of whether they are "consistent" with the Civil Rights Acts, simply because they are not necessary to fill any void or deficiency in federal law.[6] 606 F.Supp. at 630–31. The United States Court of Appeals for the District of Columbia Circuit reached the same conclusion on the basis of identical reasoning in *Brown v. United States*, 742 F.2d 1498 (D.C.Cir.1984) (*en banc*), *cert. denied sub nom, District of Columbia v. Brown*, —— U.S. ——, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985), where the Court explained:

> [T]he issue presented by the [borrowing doctrine of § 1988] is neither how to incorporate into federal law as much state law as a federal action will tolerate, nor how best to further state policies and goals in the litigation of a federal action. The issue is how to best effectuate the federal policies embodied in a federal ac-

---

**5.** City of Rochester's Memorandum in Support of Motion for Reconsideration at 4, 7, and 8.

**6.** Even if there were such a deficiency, it appears that the balancing of legislative interests struck in *Mills* on the question of "inconsistency" has been implicitly overruled by the Supreme Court's subsequent decision in *Burnett v. Grattan*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). In *Mills,* the State Court of Appeals found that notice of claim requirements were not antithetical to the civil rights laws, and further served the important state interest of "protect[ing] municipalities against fraudulent and stale claims for injuries to persons and property". 59 N.Y.2d at 310–11, 464 N.Y.S.2d 709, 451 N.E.2d 456 quoting 10th Annual Report of New York Judicial Council, 1944, pg. 265.

One year later, in *Burnett,* when the State of Maryland offered a virtually identical purpose for a six month administrative statute of limitations (to afford public officers "some reasonable protection from the seemingly endless stream of unfounded, and often stale, lawsuits brought against them"), the United States Supreme Court held that such a policy was "manifestly inconsistent with the central objective of the Reconstruction-era civil rights statutes, which is to ensure that individuals whose federal Constitutional or statutory rights are abridged may recover damages or secure injunctive relief". 104 S.Ct. at 2932.

It is noteworthy that no federal court in this Circuit has followed the *Mills* decision since the Supreme Court's holding in *Burnett.*

tion when the action does not itself supply the complete legal framework necessary to the effectuation of those policies. *Id.,* 742 F.2d at 1504. *Accord, Wilson v. Garcia, supra,* 105 S.Ct. at 1943–44, and n. 22. The D.C. Court of Appeals decided the case on this point, since it could not view the lack of a notice of claims provision as a "deficiency" in the federal scheme for adjudicating constitutional torts. 742 F.2d at 1504. On the basis of that reasoning, I would concur in the judgment reached by the Second Circuit Court of Appeals in *Brandon* on the notice of claim issue.

### CONCLUSION

For the reasons set forth above, I continue to adhere to my original view that the holding of the Second Circuit Court of Appeals in *Brandon* is both clear and controlling, despite the subsequent decisions by the New York Court of Appeals in *Mills,* the District Court in *Cardo,* and the Supreme Court in *Wilson.* After careful reconsideration of my original decision and order, therefore, the City of Rochester's motion to vacate that order and dismiss the complaint, on the grounds of plaintiff's failure to file a notice of claim, must be denied.

However, the City's request for certification of an interlocutory appeal is granted, provided that the City applies to the Court of Appeals within ten (10) days after the entry of this order, pursuant to Fed.R. Appellate Pro. 5. I share the City's view that the issues treated in this opinion are worthy of careful re-examination by the Court of Appeals in this Circuit because of the tension between *Brandon, Mills* and *Wilson.* This order involves a controlling question of law as to which there is substantial ground for difference of opinion and a clarification of the law of this Circuit may "materially advance the ultimate termination of [this] litigation ...". 28 U.S.C. § 1292(b).

ALL OF THE ABOVE IS SO ORDERED.