**Ronald J. DOTY, Plaintiff,**

v.

**ROCHESTER CITY POLICE DEPARTMENT and Monroe County, Defendants.**

**No. CIV–85–479T.**

United States District Court, W.D. New York.

Jan. 6, 1986.

**830**

Ronald J. Doty, pro se.

Charles R. Valenza, Co. Atty., Monroe Co. (Nira T. Kermisch, Asst. Co. Atty. of counsel), Louis N. Kash, Corp. Counsel for City of Rochester (Michael J. Looby, Deputy Corp. Counsel, of counsel), Rochester, N.Y., for defendants.

## DECISION and ORDER

TELESCA, District Judge.

Ronald Doty brings this civil rights complaint under 42 U.S.C. § 1983 against the Rochester City Police Department and the County of Monroe. Doty's *pro se* complaint alleges (and defendants concede) that he was indicted on February 10, 1977 on a felony charge of criminal sale of a controlled substance, third degree, and that the indictment was later dismissed in the interests of justice on July 30, 1980. Defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12.

■ The Rochester City Police Department argues for dismissal of the claim against it on the grounds that plaintiff failed to file a timely notice of claim with the City of Rochester, as required by New York General Municipal Law § 50–e as a condition precedent to the maintenance of a tort action. That argument must be rejected, since those provisions of the New York General Municipal Law are not applicable to a federal civil rights action brought under 42 U.S.C. § 1983. *Burroughs v. The Holiday Inn,* 606 F.Supp. 629 (W.D.N.Y. 1985), *affirmed on rehearing,* 621 F.Supp. 351 (W.D.N.Y.1985), *leave to appeal denied,* Docket No. 85–8113 (2d Cir. Dec. 18, 1985). *Accord, Williams v. Allen,* 616 F.Supp. 653 (E.D.N.Y.1985).

■ Both defendants also argue that this action was not brought within the applicable period of limitations. All of the events described in plaintiff's complaint occurred between 1977 and July, 1980. Yet plaintiff did not commence this action until April 10, 1985, more than four years later. (In calculating the timeliness of plaintiff's complaint, I am unable to discern from his complaint any possible reason why the limitations period on his claims might have been tolled at any time.)

At the time plaintiff filed this complaint, it was settled that the applicable New York statute of limitations for § 1983 actions was the three year period set forth in N.Y. Civil Practice Law & Rules (CPLR) § 214(2) for actions to recover upon a liability "created or imposed by statute." *Conway v. Village of Mount Kisco,* 750 F.2d 205, 212 (2d Cir.1984), *affirmed on rehearing,* 758 F.2d 46, 49 (2d Cir.1985). Measured by that standard, there is no question that plaintiff's complaint would be time barred.

Since this complaint was filed, however, the United States Supreme Court has held that all § 1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the person, *Wilson v. Garcia,* — U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), although the Supreme Court did not address the holding of the court below that the new rule should not be applied retroactively to every action which had previously been commenced. *Id.* at n. 10. Applying that rule to New York law, there seems to be room for debate as to whether § 1983 actions are more appropriately analogized to the one year period of limitations for the personal injuries listed in CPLR § 215(3) (including assault, battery, false imprisonment, malicious prosecution, defamation and violation of privacy rights), or the three year period prescribed for all other personal injury actions under CPLR § 214(5).[1] As Justice O'Connor correctly

---

1. This uncertainty is evident in New York CPLR 214(5) on its face, which allows *three years* to commence "an action to recover damages for a personal injury *except* as provided in §§ 214–b [*two years* for personal injury caused by phe-

noxy herbicides] and 215 [*one year* for intentional injury to the person]" (Emphasis added). In the words of Hon. Joseph McLaughlin, noted commentator on the CPLR, "The three year statute of limitations now covers all actions for

observed, the opinion of the Court in *Wilson* provides no clear guidance for selecting the limitations period in states, such as New York, which "def[y] the newly minted rule by supplying not one but *two* periods that govern various injuries to personal rights." *Wilson, supra,* 105 S.Ct. at 1953 (O'Connor, J. dissenting).

Under any of the three foregoing possibilities for measuring the timeliness of this civil rights action (CPLR §§ 214(2), 214(5), or 215(3)), Doty's complaint would be barred. It is therefore unnecessary for me to decide which New York statute of limitations applies to § 1983 actions after *Wilson v. Garcia,* nor whether the *Wilson* decision should be applied retroactively to complaints (such as this one) which had previously been filed. *See, Taylor v. Mayone,* 626 F.2d 247, 251 n. 4 (2d Cir.1980).

■ In a letter written in response to defendants' motions to dismiss, Doty explains his delay by the fact that, when the criminal indictment was dismissed, he was never advised by anyone of the possibility of bringing a civil action, nor of the need to file such an action within the period of limitations. Although I am sympathetic to plaintiff's explanation, it cannot excuse his excessive delay in commencing this action. "[A] *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim", *Satchell v. Dilworth,* 745 F.2d 781, 785 (2d Cir. 1984), but this privilege "does not exempt a party from compliance with relevant rules of procedural and substantive law". *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

personal injury except those governed by CPLR 215, which applies basically to the intentional torts.... Most of the intentional torts resulting in personal injury are now subject to the one year statute of limitations." (Practice Commentaries on CPLR 214:5 and 215:3, McKinney's, 1972).

I am therefore surprised that the district courts of this Circuit since *Wilson v. Garcia* have summarily held that New York CPLR § 214 establishes "three years" as *the* statute of

For the reasons set forth above, defendants' motion for judgment on the pleadings is granted pursuant to Fed.R.Civ.P. 12(c), on the grounds that this action was not timely filed, and the complaint is dismissed with prejudice.

SO ORDERED.

limitations for personal injury actions in New York, and hence for actions under § 1983. *See, e.g., Williams v. Allen,* 616 F.Supp. 653 (E.D.N.Y. 1985); *Ladson v. New York City Police Department,* 614 F.Supp. 878 (S.D.N.Y.1985); *Snell v. Suffolk County,* 611 F.Supp. 521 (E.D.N.Y.1985); *Rodrigues v. Village of Larchmont,* 608 F.Supp. 467 (S.D.N.Y.1985). *But see, Brown v. Village of Albion,* 128 Misc.2d 586 (Supreme Ct., Orleans Co. 1985) (selecting CPLR 214(5) after comparison of competing alternatives).