**Annette D. MEISELMAN, Plaintiff,**

v.

**Lt. RICHARDSON, Shield No. 18, Individually and as a Corrections Lieutenant of Suffolk County, New York; C/O Crosby, Shield No. 363, Individually and as a Corrections Officer of Suffolk County, New York; April Laspisa, Shield No. 492, Individually and as a Corrections Officer of Suffolk County, New York; County of Suffolk, New York; and Town of Southampton, New York, Defendants.**

**No. CV 90–0289 (ADS).**

United States District Court, E.D. New York.

Aug. 20, 1990.

Marvin Hirsch, Mineola, N.Y., Arthur V. Graseck, Jr., Port Washington, N.Y., for plaintiff Annette D. Meiselman.

Michael T. Clifford & Associates (William F. Farrell, of counsel), Riverhead, N.Y., for defendant Town of Southampton.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is plaintiff's motion to strike certain affirmative defenses, raising the issues of whether the notice of claim and statute of limitations provisions of New York's General Municipal Law apply in an action brought under 42 U.S.C. § 1983. For the reasons stated below, the Court finds that, as a matter of law, the provisions of New York General Municipal Law §§ 50–e and 50–i are inapplicable to section 1983 actions.

## FACTUAL BACKGROUND

On May 15, 1988, based on an arrest warrant, plaintiff Annette D. Meiselman ("Meiselman") was arrested at her home at 11 Buttercup Lane, Westhampton, New York for alleged violations of the Town of Southampton, New York ("Southampton") zoning regulations. She was then taken to

the Southampton courthouse where she was arraigned and bail was set, which she was unable to post. Thereafter, she was transported to the Suffolk County Correctional Facility in Riverhead, New York ("the Facility").

Meiselman claims that upon her arrival at the Facility, her property was seized. She also alleges that she was maliciously pinched and kicked by the defendant Richardson, a corrections lieutenant of Suffolk County, and strip-searched by the defendants Crosby and Laspisa, also Suffolk County corrections officers. Plaintiff further alleges that she was unjustly questioned as to the sale and use of illegal drugs and involvement in prostitution and was denied her request to contact her attorney. Finally, Meiselman asserts that Southampton and its employees displayed gross negligence amounting to "deliberate indifference to [her] constitutional rights" by failing to notify her of her obligation to appear in court on January 22, 1988 and of the warrant issued for her arrest on that date due to her nonappearance (*see* Plaintiff's Reply Memorandum in Support at p. 1).

Meiselman thereafter commenced this civil rights action on January 25, 1990 pursuant to 42 U.S.C. § 1983, seeking $500,000 in compensatory damages against all of the defendants, and $900,000 in punitive damages against the individual defendants.

In its amended answer dated June 11, 1990, Southampton asserts as its second affirmative defense, "that the Court has no jurisdiction over the defendant, Town of Southampton, since jurisdictional prerequisites to the cause of action as prescribed by statute have not been met" (*see* Amended Answer of Town of Southampton ¶ 14). In its fourth affirmative defense, Southampton alleges "that the claims of the plaintiff in this action are barred by reason of the Statute of Limitations of the State of New York General Municipal Law Section 50 which are [sic] applicable to the said claim by operation of law" (*see* Amended Answer of Town of Southampton ¶ 16). Meiselman now moves, pursuant to Fed.R.Civ.P. 12(f), for dismissal of these two affirmative de-

fenses on the grounds that they are sham and without merit.

The issue presented is whether the provisions of New York's General Municipal Law governing tort actions against municipalities is applicable to section 1983 actions. The defendant argues that the claim is subject to the ninety day notice of claim requirement set forth in section 50–e, and the one year and ninety day statute of limitations set forth in section 50–i. In opposition, plaintiff contends that as a matter of law, no notice of claim is required and the applicable statute of limitations is three years under New York's general personal injury statute.

## DISCUSSION

a) Applicable Standard on a Motion to Strike a Defense

Pursuant to Fed.R.Civ.P. 12(f), a court may strike "any insufficient defense" from a pleading. Some courts are reluctant to grant a motion to strike a defense absent a showing that the movant would be prejudiced if the defense were allowed to stand (*see, e.g., Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563–64 (S.D.N.Y.1989); *Ciminelli v. Cablevision*, 583 F.Supp. 158, 162 (E.D.N.Y.1984). However, where an affirmative defense is clearly insufficient as a matter of law, in this Court's view, it is best to eliminate such a defense at the earliest possible stage. Allowing these defenses to stand might lead to unnecessary and protracted litigation, needlessly complicating this case. Postponing such a determination until trial serves no useful purpose since there is nothing more that could possibly be introduced in support of the defendant's argument which would alter the inevitable result.

With these basic principles in mind, and for the reasons that follow, the Court finds that the defendant's second and fourth affirmative defenses are insufficient as a matter of law. In making such a determination, however, the Court makes no ruling at this time as to whether this action is in fact timely pursuant to New York's three-year general personal injury statute of limi-

tations; only that as a matter of law section 50–i is inapplicable.

### b) Second Affirmative Defense: Notice of Claim Requirement

■ New York General Municipal Law § 50–e requires that a notice of claim be served within ninety days after the claim arises, as a condition precedent to the commencement of a tort action against a municipality. As a second affirmative defense, Southampton asserts that Meiselman's failure to comply with this requirement bars the action currently before this Court.

The decision of the United States Supreme Court in *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), is directly on point and dispositive of this issue as a matter of law. The Supreme Court clearly stated that a plaintiff bringing an action under section 1983 need not comply with a state's notice of claim requirements (*id.* at p. 140, 108 S.Ct. at p. 2308). The Court concluded that such statutes are preempted by and inconsistent with federal law (*id.* at p. 134, 108 S.Ct. at p. 2304). According to Justice Brennan, the purpose of section 1983 is to afford a remedy to "persons deprived of their federal civil rights by those wielding state authority" (*id.* at p. 139, 108 S.Ct. at p. 2307). Thus, application of "a state law that immunizes government conduct otherwise subject to suit under § 1983" would thwart the purpose of the remedy (*id.* at p. 139, 108 S.Ct. at 2307).

The Court further stated that a notice of claim, unlike a statute of limitations, is not a necessary element of federal litigation, "and there is thus no reason to suppose that Congress intended federal courts to apply such rules, which 'significantly inhibit the ability to bring federal actions' " (*id.* at p. 140, 108 S.Ct. at p. 2308, *quoting Brown v. United States*, 742 F.2d 1498, 1507 [C.A.D.C.1984]).

Like the Wisconsin statute at issue in *Felder*, the notice of claim requirement in section 50–e serves the purpose of affording municipal "defendants an opportunity to prepare a stronger case" (*id.* at p. 145,

108 S.Ct. at p. 2310; *see also Beary v. City of Rye*, 44 N.Y.2d 398, 412, 377 N.E.2d 453, 458, 406 N.Y.S.2d 9, 13 [1978] [" '[t]he only legitimate purpose served by the notice' is prompt investigation and preservation of evidence"] [citations omitted]).

Therefore, as a matter of law, "compliance with the notice of claim requirements of General Municipal Law § 50–e is not necessary to recover for alleged violations of a party's civil rights under 42 U.S.C. § 1983" (*Rattner v. Planning Comm'n of Pleasantville*, 156 A.D.2d 521, 525, 548 N.Y.S.2d 943, 947 [2d Dep't 1989], *citing Felder v. Casey, supra*).

Accordingly, since section 50–e is inapplicable as a matter of law, the defendant Town of Southampton's second affirmative defense is stricken as insufficient.

### c) Fourth Affirmative Defense: Statute of Limitations

■ In omitting an express statute of limitations governing section 1983 claims, Congressional silence did not provide plaintiffs an unlimited time within which to commence such actions (*Felder v. Casey, supra*, 487 U.S. at p. 141, 108 S.Ct. at p. 2308). Rather, the courts must look to an appropriate state statute to govern such actions (*id.* at p. 139, 108 S.Ct. at p. 2307, *citing* 42 U.S.C. § 1988).

According to the borrowing provision of the civil rights statute, 42 U.S.C. § 1988, the district court is to first look for a federal rule which is applicable to the issue in question. Absent such a rule, the court must apply the law of the state in which it sits, "so far as [it] is not inconsistent with the Constitution and laws of the United States" (42 U.S.C. § 1988). The purpose, of course, is "to assure that neutral rules of decision will be available to enforce the civil rights actions, among them § 1983" (*Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 [1985]).

In *Wilson v. Garcia, supra*, the Supreme Court determined that choosing "a simple, broad characterization of all § 1983 claims" better suited the purpose of the statute, rather than choosing the most analogous

state statute for a particular claim (*id.* at p. 272, 105 S.Ct. at p. 1944).

"If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, ... different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case."

(*Wilson v. Garcia, supra,* 471 U.S. at pp. 273–74, 105 S.Ct. at pp. 1945–46).

The Court concluded that in light of "the federal interests in uniformity [and] certainty," section 1983 was meant to be given a broad and simple interpretation (*id.* at p. 275, 105 S.Ct. at p. 1946) and the courts were directed "to select in each State, the one most appropriate statute of limitations for all § 1983 claims" (*id.* at p. 275, 105 S.Ct. at p. 1946).

After reviewing the characterization of the section 1983 claims and the strong federal interest in preserving a federal civil rights remedy, the Court in *Wilson* determined that the most appropriate statute of limitations to apply in that case was New Mexico's three-year statute for general personal injury, since it is understood that section 1983 was originally intended to provide "a general remedy for injuries to personal rights" (*id.* at p. 278, 105 S.Ct. at p. 1948).

The statute of limitations issue was further refined in the more recent decision of *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Going one step beyond *Wilson v. Garcia,* the Court in *Owens* determined that where two or more statutes of limitations exist within a state for certain enumerated torts, as in New York, the appropriate statute to apply is the residual or general personal injury statute. The Court concluded that New York's three-year personal injury statute, CPLR 214(5), was better suited to govern section 1983 actions than the one-year statute of limitations for certain intentional torts specified by CPLR 214(3). In so holding, the Court indicated that it was fulfilling the goals set forth in *Wilson* to "end this 'conflict, confusion and uncertainty'" (*Ow-*

*ens v. Okure,* 109 S.Ct. at p. 576, *quoting Wilson v. Garcia,* 471 U.S. at p. 266, 105 S.Ct. at p. 1941), by applying "the one most analogous state statute of limitations" to *all* section 1983 claims (*id.* 109 S.Ct. at p. 576). As in *Wilson,* the Court rejected determining the statute of limitations based on the type or theory of action before the court, and its similarity to a particular state claim. The court reasoned that many claims brought under section 1983 do not even have analogous state claims and that such a policy "would be inconsistent with § 1983's broad scope" (*Owens v. Okure,* 109 S.Ct. at pp. 580–81).

Although the Supreme Court has addressed the statute of limitations issue in section 1983 litigation, the precise issue presented at this time has apparently not yet been considered, namely, whether the one-year and ninety day statute of limitations set forth in General Municipal Law § 50–i for personal injury actions against municipalities is applicable to section 1983 actions.

In a case similar to this, decided in the wake of *Wilson v. Garcia,* but before *Owens v. Okure,* it was held that the limitations period contained in section 50–i was inapplicable to a section 1983 claim (*see Burroughs v. Holiday Inn,* 621 F.Supp. 351, 352 [W.D.N.Y.1985]). The district court in *Burroughs v. Holiday Inn* held that since "the Court [in *Wilson v. Garcia*] chose to analogize § 1983 to what it described as 'general personal injury actions,'" it would be inappropriate to apply a statute of limitations applicable solely to municipal defendants (*id.* at p. 353). Although General Municipal Law § 50–i was enacted as a means of "clarifying and unifying the law with respect to claims against municipal corporations" (Governor's Memorandum on Approval of ch. 788, N.Y.Laws [Apr. 23, 1959], *reprinted in* [1959] N.Y.Laws 1773 [McKinney]), this is inconsistent with the Supreme Court's interpretation of section 1983, which is intended to provide a uniform federal remedy for *plaintiffs,* not for the *defendants.*

The defendant City of Rochester in *Burroughs* argued that the *Wilson* decision emphasized a need for "uniformity and certainty" and therefore section 50–i should

apply "since all lawsuits against public corporations would then be subject to the same procedural requirements regardless of whether they were state tort actions or federal civil rights claims" (*Burroughs v. Holiday Inn*, 621 F.Supp. at p. 353 n. 3). However, as the Court in *Burroughs* noted, the city's argument misconstrued the holding of *Wilson*. Instead, the court noted that *Wilson* stressed the need to create uniformity within each state with respect to *all* section 1983 actions, even if this meant that public defendants would be subject to a different limitations period for section 1983 actions than for analogous state actions (*see Burroughs v. Holiday Inn*, 621 F.Supp. at p. 353 n. 3, *citing Wilson v. Garcia*, 471 U.S. 261 at p. 275, 105 S.Ct. at p. 1946).

In view of the Supreme Court's pronouncements on the applicable statute of limitations, as well as the persuasive reasoning in *Burroughs v. Holiday Inn, supra,* this Court holds that the one-year and ninety day statute of limitations period in General Municipal Law § 50–i, is inapplicable to actions brought under 42 U.S.C. § 1983. In this Court's view, the appropriate statute of limitations in such actions is three years, pursuant to CPLR section 214(5), New York's general personal injury statute. This approach is in accord with the underlying rationale stated by the Supreme Court in the *Wilson* and *Okure* cases, and avoids subjecting plaintiffs to differing limitations periods depending on the identity of the defendant. Accordingly, the plaintiff's motion to strike the defendant Town of Southampton's fourth affirmative defense as insufficient as a matter of law is granted.

## CONCLUSION

For the reasons stated above the motion of plaintiff Annette D. Meiselman to strike the second and fourth affirmative defenses interposed in the answer of the defendant Town of Southampton is granted.

SO ORDERED.