OPINION OF THE COURT
Chief Judge Cooke.
When an employment discrimination action is brought against a county under the State or Federal civil rights statutes, the failure to timely file a notice of claim shall be fatal unless the action has been brought to vindicate a public interest or leave to serve late notice has been granted by the court. Inasmuch as plaintiff never filed a notice of claim and her action was brought to enforce *309 merely a private right, her complaint was properly dismissed.
For six years, plaintiff had been a key-punch operator for the County of Monroe when, on August 13, 1980, her employment was terminated. After unsuccessfully pursuing arbitration under her union’s collective bargaining agreement with the county, plaintiff commenced this action. Plaintiff alleged that the county had terminated her employment on the basis of her race and national origin and thereby violated section 296 of the Executive Law and section 1981 of title 42 of the United States Code.
At no time did plaintiff file a notice of claim. The county unsuccessfully moved for summary judgment of dismissal, the application having been based on plaintiff’s failure to give notice. The Appellate Division reversed and dismissed the complaint. This court now affirms.
On this appeal, plaintiff contends that the notice of claim requirement contained in section 52 of the County Law does not apply to either her Federal or State civil rights claims.* With respect to her Federal claim, plaintiff argues that imposition of the notice of claim requirement is inconsistent with the remedial and deterrent policies of the civil rights law. Although Congress established no timeliness or notice requirements to apply to section 1981 actions brought in Federal court, these courts have been instructed that, when interstices or voids occur in the Federal law, *310 they should borrow the applicable State rule of law so long as it is not “inconsistent with the Constitution and laws of the United States” (US Code, tit 42, § 1988; see Board of Regents v Tomanio, 446 US 478; Johnson v Railway Express Agency, 421 US 454). It is true that the Federal District Courts in New York have not applied the State’s notice of claim statutes in civil rights actions brought under section 1981 (see Paschall v Mayone, 454 F Supp 1289 [SDNY]; Glover v City of New York, 401 F Supp 632 [EDNY]) or section 1983 (see Brandon v Board of Educ., 487 F Supp 1219 [NDNY], affd 635 F2d 971, cert den 454 US 1123; Davis v Krauss, 478 F Supp 823 [EDNY]). This court, however, does not find that the State’s notice requirements are antithetical to the policy underlying the civil rights laws.
The Supreme Court has held that, in applying a State Statute of Limitations to a civil rights action, the State statute “ ‘cannot be considered “inconsistent” with federal law merely because the statute causes the plaintiff to lose the litigation. If success of the §1983 action were the only benchmark, there would be no reason at all to look to state law, for the appropriate rule would then always be the one favoring the plaintiff, and its source would be essentially irrelevant.’” (Board of Regents v Tomanio, 446 US 478, 488, supra, quoting Robertson v Wegmann, 436 US 584, 593.) Accordingly, that court has upheld the application of a State’s one-year Statute of Limitations to civil rights actions brought in Federal court (see Johnson v Railway Express Agency, 421 US 454, supra).
In Johnson v Railway Express (supra), the court noted that “[i]n borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State’s wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim.” (Id., at p 464.) The notice of claim requirements in this State serve an important State interest. Requiring notice allows a governmental subdivision a meaningful opportunity to investigate in a timely manner the circumstances that gave rise to a claim. “ ‘The requirement of notice is one of the safeguards devised by the law to protect municipali *311 ties against fraudulent and stale claims for injuries to person and property’ ” (see Sandak v Tuxedo Union School Dist. No. 3, 308 NY 226, 232, quoting Tenth Ann Report of NY Judicial Council, 1944, p 265). Therefore, the general restrictive effect of a State notice of claim requirement does not of itself bar its application to Federal civil rights actions.
Moreover, the flexibility with which the timeliness requirement of the notice statute may be applied and the existence of a judicially created exception to the notice requirement indicate that the statute causes no undue inhibition to the bringing of civil rights actions. In the area of civil rights, this court has recognized an important exception to the notice requirement. In Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd. (35 NY2d 371, 380), it held that notice of claim requirements do not apply to actions brought “to vindicate a public interest.” All actions brought to enforce civil rights can be said to be in the public interest (see Newman v Piggie Park Enterprises, 390 US 400, 402). But, actions that are brought to protect an important right, which seek relief for a similarly situated class of the public, and whose resolution would directly affect the rights of that class or group are deserving of special treatment. The interests in their resolution on the merits override the State’s interest in receiving timely notice before commencement of an action (see Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., 35 NY2d 371, 379-380, supra; Board of Educ. v New York State Div. of Human Rights, 44 NY2d 902, 903-904; cf. Alyeska Pipeline Co. v Wilderness Soc., 421 US 240, 285 [Marshall, J., dissenting]).
Even if a civil rights action seeks to enforce only the private or personal rights of the plaintiff (see Board of Educ. v New York State Div. of Human Rights, supra), the statute itself permits relief from the notice requirement through an application to the court to serve late notice (see General Municipal Law, § 50-e, subd 5). Although the notice requirement relevant to this action provides generally that a plaintiff must file notice within 90 days after *312 the claim arises (see County Law, § 52; General Municipal Law, § 50-e, subd 1, par [a]), “[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim,” so long as the extension does not exceed the time limit for commencement of the action (General Municipal Law, § 50-e, subd 5). The court, in deciding whether to grant leave, will consider various factors, including when the governmental subdivision had acquired knowledge of the relevant facts and whether the delay had caused the defendant substantial prejudice in maintaining its defense (id.). For these reasons, application of the relevant notice provision to actions brought under the Federal civil rights laws cannot be said to offend the Federal policy underlying those laws.
Consideration now turns to whether plaintiff is entitled to relief from the notice requirement with respect to either her State or Federal civil rights claim. Because plaintiff never applied for leave to file late notice, her ability to maintain this action is contingent upon it being characterized as an attempt to vindicate a public interest.
Although such characterization is an ad hoc determination to which precise guidelines cannot be drawn, it is clear that plaintiff’s action was not brought to vindicate a public interest, insofar as that principle would entitle her to a complete waiver of the notice requirement. Her allegations of actionable conduct on the part of the county refers only to conduct that, relates to her. Although plaintiff does aver that the county had engaged generally in unlawful discriminatory practices, her action seeks relief only for her termination, which she alleges resulted from her opposition to the county’s discriminatory practices and her race and national origin. The relief she seeks is money damages for her loss of wages and damage to her reputation. Inasmuch as the disposition of plaintiff’s claim was not intended to nor could it directly affect or vindicate the rights of others, her action is properly characterized as one seeking the enforcement of private rights.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
*313 Judges Jasen, Jones, Wachtler and Meyer concur; Judge Simons taking no part.
Order affirmed, with costs.

 Subdivision 1 of section 52 of the County Law provides: “Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law. Every action upon such claim shall be commenced pursuant to the provisions of .section fifty-i the general municipal law. The place of trial shall be in the county against which the action is brought.” Section 50-e (subd 1, par [a]) of the General Municipal Law provides: “(a) In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises”.