■ THERESA SEBASTIAN, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [634 NYS2d 114] —Order of the Supreme Court, New York County (Leland De-Grasse, J.), entered on May 13, 1994, granting defendants' motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, the motion denied and the complaint reinstated, without costs or disbursements.

Discrimination claimants, such as plaintiff, are not required to file notices of claim pursuant to the General Municipal Law. Both General Municipal Law § 50-i and McKinney's Unconsolidated Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act § 20 [2]; L 1969, ch 1016, § 1, as amended), which specifically deals with actions against the Health and Hospitals Corporation, define the torts for which a notice of claim is required *only* as personal injury, wrongful death, or damage to property and not torts generally.

*Mills v County of Monroe* (59 NY2d 307, *cert denied* 464 US 1018), cited by the IAS Court, is not contrary. In *Mills (supra,* at 309, n), the Court of Appeals affirmed the dismissal of a discrimination complaint by the Fourth Department relying upon the fact that there *was* a notice requirement in County Law § 52 (1) applying to " '[a]ny claim * * * against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature' ". Accordingly, the Appellate Division in *Mills* stated: "Plaintiff argues correctly that an action brought under section 296 of the Executive Law is not a tort claim which falls within the notice provisions of the General Municipal Law" (*Mills v County of Monroe*, 89

AD2d 776, *affd* 59 NY2d 307, *supra*). Nevertheless, it dismissed the complaint because of the applicability of section 52 of the County Law *(supra)*.

Since, as noted, *supra*, the only other law dealing with the issue herein, McKinney's Unconsolidated Laws of NY § 7401, uses the same language as the General Municipal Law, plaintiff was under no requirement to comply with the notice requirements. Concur—Kupferman, J. P., Asch, Williams and Tom, JJ.