■ In the Matter of SARANAC LAKE CENTRAL SCHOOL DISTRICT, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [640 NYS2d 303] —Casey, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based on sexual harassment.

Respondent Susan S. McCann (hereinafter complainant) was employed by petitioner as a school teacher from September 1988 through June 1990, when her probationary appointment was terminated. Complainant filed a complaint with respondent State Division of Human Rights in September 1990, alleging that the termination of her employment was unlawfully based on acts of sex discrimination by two principals employed by petitioner. After a hearing, the Division found that complainant had made out a prima facie case of discrimination based upon sexual harassment and that the record did not support petitioner's claim that complainant's employment had

been terminated because of poor teaching skills. Petitioner was directed to reinstate complainant with back pay and to pay an additional $100,000 as compensatory damages for mental anguish and humiliation.

In this proceeding to review the Division's final determination, petitioner argues that the complaint should have been dismissed for complainant's failure to comply with the statutory notice of claim requirement (*see,* Education Law § 3813 [1]), an argument rejected by the Division. In *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.* (35 NY2d 371, 380), the Court of Appeals held that the Education Law § 3813 (1) notice of claim requirement was not applicable to a sex discrimination complaint which sought to vindicate a public interest. The complaint in the *Union Free School Dist.* case alleged a discriminatory employment practice that was applicable to a class of similarly situated teachers employed by the school district, and the complaint sought relief for the complainant and others similarly situated. In *Mills v County of Monroe* (59 NY2d 307, 312, *cert denied* 464 US 1018), however, the Court concluded that County Law § 52 (1), the notice of claim provision at issue therein, was applicable to a civil rights claim which alleged discriminatory conduct relating only to the complainant who sought money damages for her lost wages and damage to her reputation. Inasmuch as the complaint herein alleges discriminatory conduct relating only to complainant and seeks money damages for complainant's lost wages and damage to her reputation, we conclude that, as in *Mills v County of Monroe* (*supra,* at 312), the complaint seeks to enforce a private right and, therefore, a notice of claim was required (*see, 423 S. Salina St. v City of Syracuse,* 68 NY2d 474, 493, *appeal dismissed, cert denied* 481 US 1008; *Board of Educ. v New York State Div. of Human Rights,* 44 NY2d 902, 904).

In *Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.* (214 AD2d 288), we explained: "Because the purpose of the notice of claim requirement is to give a school district prompt notice of claims to permit efficient investigation, substantial compliance with Education Law § 3813 is all that is required when the school district has been ' "sufficiently informed" ' of the claim (*Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547). The notice must include the nature of the claim and the time when, the place where and the manner in which the claim arose (*see, Widger v Central School Dist. No. 1,* 18 NY2d 646, 648), and the courts have recognized that the service of a pleading within the time required for notice by

Education Law § 3813 can constitute substantial compliance (*see, Matter of Board of Educ. v Ambach*, 81 AD2d 691; *see also, Matter of Cowan v Board of Educ.*, 99 AD2d 831, 833, *appeal discontinued* 63 NY2d 702)." (*Supra*, at 292.)

Based upon these principles, we concluded that because the improper practice charge filed with the Public Employment Relations Board (hereinafter PERB) contained the necessary details, and because a copy of the charge was forwarded to the school district by PERB and received by the school district's governing body within 90 days after the claim arose, there was substantial compliance with the notice of claim requirement (*supra*). The claim in this case, which is based in part on allegations that complainant's employment was terminated due to her gender, arose when her employment was terminated at the end of June 1990 (*see, Hoger v Thomann*, 189 AD2d 1048, 1050). The complaint, which contains sufficient detail to give the required notice, was filed with the Division no later than September 11, 1990, which is within the 90-day period. The Division was required to "promptly serve" a copy of the complaint on petitioner (Executive Law § 297 [2] [a]), but in contrast to *Deposit Cent. School Dist. v Public Empl. Relations Bd.* (*supra*), there is no evidence in the record that petitioner's board of education actually received the complaint within the 90-day period.

Nor do the procedures set forth in Executive Law § 297 ensure that the board of education will receive notice within the 90-day period. Education Law § 3813 (1) requires that the notice of claim be presented to the "governing body" of the school district, and there can be no substantial compliance unless the statutory requirements mandating notification to the proper public body have been fulfilled (*see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 547-548, *supra*). Absent the required notice of claim, and absent sufficient evidence to establish substantial compliance with the notice of claim requirement, no action or proceeding may be maintained against petitioner (Education Law § 3813 [1]). The Division's determination must, therefore, be annulled.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.