**Richard BAKER, Plaintiff,**

v.

**COUNTY OF MONROE, Defendant.**

No. 96–CV–6580.

United States District Court,
W.D. New York.

March 18, 1999.

Nira T. Kermisch, Rochester, NY, for Plaintiff.

Charles S. Turner, Monroe County Attorney's Office, Michael P. Davis, of counsel, Rochester, NY, for Defendant.

## DECISION AND ORDER

SIRAGUSA, District Judge.

This action was brought by the plaintiff, Richard Baker, who alleged that he was unlawfully terminated from his position with the County of Monroe's Environmental Services Division in violation of the Americans with Disabilities Act, 42 U.S.C. § 12102, and the New York Human Rights Law, N.Y. Executive Law § 296. The case is before the Court on the defendant's motion for summary judgment [10] filed on December 1, 1998. The plaintiff filed responding papers consisting of the plaintiff's unsworn statement and a memorandum of law and the defendant filed a reply memorandum. The case was argued before the Court on February 18, 1999. For the reasons stated below, the defendant's motion is granted and the case is dismissed.

## Factual Background

The Local Rules of Civil Procedure require the moving party, here the defendant, to file a statement of undisputed material facts with his moving papers. The opposing party, here the plaintiff, is then required to file a statement indicating which of the facts alleged by the moving party are in error. In this case, the moving party has filed such a statement, but the plaintiff has not contested any of those facts as required by the local rules.

The plaintiff was hired by Monroe County as a laborer on November 20, 1979 and worked his way up the promotion ladder to become a Labor Foreman I in the Department of Environmental Services on June 27, 1994. Baker aff., at 1; Riley aff., at 1. He held that position until he was terminated by the defendant on December 2, 1994. Def. Stmt. Undisp. Facts, at 1. The plaintiff had suffered an injury to his back and was out of work from February 9, 1993 until April 15, 1994. Def. Stmt. Undisp. Facts, at 5. He had previously been out of work from March 19, 1991 until April 3, 1991 for another injury and, in both cases, he received worker's compensation. Prior to returning to work in April 1994, the defendant advised the plaintiff it was scheduling a pre-termination hearing as required by N.Y. Civil Service Law section 71. Def. Stmt. Undisp. Facts, at 8. This law allows a County employee at least a one-year leave of absence due to disability. The hearing took place on March 3, 1994 and a decision was postponed to permit the plaintiff to be reexamined by his doctor on April 7, 1994. In April, the plaintiff was cleared by his doctor to return to work and, because of a restructuring in the Environmental Services Department, the plaintiff was assigned to a position in the supply room for a sewage treatment plant. He retained his pay grade. The position was primarily indoor work, whereas his previous position has been outdoor work. Def. Stmt. Undisp. Facts, at 9.

According to the defendant's representations, the plaintiff's work in the supply room was less demanding than his outdoor field work as a Labor Foreman I; however, on October 7, 1994, the plaintiff again suffered an injury to his back in the same place he had injured it in 1991 and 1993. Def. Stmt. Undisp. Facts, at 10. The County held another pre-separation hearing [1]. Another pre-separation hearing was held on November 21, 1994. The plaintiff's physician, William W. Cotanch, M.D., opined that the plaintiff should remain out of work on total disability. Def. Stmt. Undisp. Facts, at 10.

According to the defendant, the plaintiff was entitled to reinstatement to his former position for a one-year period following his December 2, 1994 termination [2], "once he was certified able to return to work in his former capacity as a Labor Foreman I." Def. Stmt. Undisp. Facts, at 11. The plaintiff applied for reinstatement on April 29, 1995 and enclosed a note from Dr. Cotanch indicating he was restricted to lifting no more than 40 pounds and could not perform repetitive bending. Richard Baker letter of Apr. 29, 1995 to Terry Vittore (Riley aff., Exhibit C).

As a Labor Foreman I assigned to the sewer maintenance operation of the Department of Environmental Services, the plaintiff was expected to be a working foreman and assist his crew in their tasks, including heavy manual labor. *Id.* During

---

1. The County has taken the position that the one-year leave of absence for a disability is cumulative under N.Y. Civil Service Law § 71. Elizabeth H. Riley letter of Nov. 28, 1994 to Richard W. Baker (Riley Aff., Exhibit B). The plaintiff has submitted no law on the issue, thus, the Court assumes without deciding that this is a correct statement of New York law on the subject.

2. The defendant cites to N.Y. Civil Service Law § 71, however, the Court reads that section to permit a terminated employee one year following the end of his *disability* to petition for return to his former position. This point, however, was not argued by the plaintiff.

oral argument, defense counsel pointed out that the job requires, "good physical dexterity, ability to lift 0–100 [pounds], bend, reach, push, pull, stand, good hand/eye coordination." *See* Essential Function Analysis, "Is special expertise or ability required?" (Hetzer aff., Exhibit B). Although the plaintiff in his unsworn statement says, "[w]ith respect to Mr. Graham's contention that a labor foreman was expected to be able to lift up to 100 pounds, such is not a requirement in the job specifications for a labor foreman . . . ," he does not contend that he was never required to lift weights between forty and 100 pounds.

While the plaintiff was out of work in 1993 and 1994, the sewer maintenance operation was reorganized into three sewer maintenance teams. Def. Stmt. Undisp. Facts, at 6–7. Whereas the plaintiff had been in the cleaning group which performed only sewer cleaning, now the teams were also tasked with the two other operations: construction and technical services. Thus, a Department of Environmental Services employee now had to have three sets of skills and perform three functions instead of one. The requirements for manual labor, bending, pushing, pulling and lifting up to 100 pounds did not change. Def. Stmt. Undisp. Facts, at 8.

Although the plaintiff's complaint shows that his cause of action is for wrongful termination, at oral argument he stated that the basis for his suit was wrongful refusal to reinstate him. In either case, the defendant points out that at no time prior to his termination in December of 1994 did the plaintiff request a reasonable accommodation. Def. Stmt. Undisp. Facts, at 12.

## Summary Judgment Standard

The law on summary judgment is well settled. Summary judgment may only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893 (3rd Cir.1987) (en banc). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the "evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 106 S.Ct. 2548, 2555 (1986). Once the moving party has met its initial obligation, the opposing party must produce evidentiary proof in admissible form sufficient to raise a material question of fact to defeat a motion for summary judgment, or in the alternative, demonstrate an acceptable excuse for its failure to meet this requirement. *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187 (5th Cir.1991); Fed. R.Civ.P. 56(f). Once the moving party has met its burden, mere conclusions or unsubstantiated allegations or assertions on the part of the opposing party are insufficient to defeat a motion for summary judgment. *Knight v. United States Fire Ins. Co.,* 804 F.2d 9 (2d Cir.1986). The court, of course, must examine the facts in the light most favorable to the party opposing summary judgment, according the non-moving party every inference which may be drawn from the facts presented. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946 (3d Cir.1990). However, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections,* 84 F.3d 614, 619 (2d Cir.1996). It is equally well settled that in diversity actions, such as the one at bar, "federal court sits and operates as if it were a state court, and must apply state substantiative law."

*Smith v. Bell Sports, Inc.,* 934 F.Supp. 70 (W.D.N.Y.1996).

## Discussion

### *Jurisdiction*

Jurisdiction in this Court is predicated on the Americans with Disabilities Act, 42 U.S.C. § 12117 and 28 U.S.C. §§ 1331 and 1343 with supplemental jurisdiction for the New York Human Rights law claim.

### *New York Human Rights Cause of Action*

The Court will first address the state Human Rights claim. The plaintiff concedes that he has never filed a notice of claim against the County as required by New York law, but argues that the County had actual notice in July of 1995 by virtue of its receipt of the Equal Employment Opportunity Commission ("EEOC") complaint, well within the 90 days from the May 1995 denial of reinstatement. Plaintiff's Memo, at 6. The defendant does not address this argument in his reply.

The Notice of Claim provisions of General Municipal Law section 50–i do not apply to a N.Y. Human Rights Law, Executive Law section 296, cause of action. *Mills v. County of Monroe,* 89 A.D.2d 776, 453 N.Y.S.2d 486 (4th Dept.1982), *aff'd. on other grounds* 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456 (1983). However, the broader County Law section 52 requirement of a notice of claim does apply and does bar the plaintiff's claim under the N.Y. Human Rights law. *Id.*

The plaintiff's claim in his complaint (wrongful termination) accrued on December 2, 1994, when he was formally terminated. County Law section 52 required that he file a notice of claim within ninety days of that accrual date, or ninety days from the date treatment for his injury ceased. *Moskol v. Sood,* 404 F.Supp. 916, 919 (W.D.N.Y.1975). His unsworn statement does not discuss any treatment of his injury, so the Court will use the December 2, 1994 date. Ninety days from then would be Thursday, March 2, 1995.

The plaintiff, however, measures the date from May 1995, when he was denied reinstatement, but lists no authority for using that date. If one uses the December date, then his EEOC complaint of July 1995 would be well outside the ninety day notice requirement, even if the EEOC complaint could be construed as a substitute for a notice of claim. No court has authority to extend the time for the proper filing of a late notice of claim after the one year statute of limitations has already run. *Davis v. City of New York,* 250 A.D.2d 368, 673 N.Y.S.2d 79, 80 (1st Dept.1998).

There is authority that a complaint and summons can substitute for a notice of claim, *Bernhard v. Dutchess Comm. College,* 1982 WL 193, *10 (S.D.N.Y.1982), but the Court has found none to support the plaintiff's contention, nor have the parties submitted such authority. In fact, the Court has found the opposite: in *McNeil v. Aguilos,* 831 F.Supp. 1079, 1085 (S.D.N.Y.1993), a *pro se* suit against Bellevue Hospital for an employee discrimination claim, the district court dismissed the New York claim because the plaintiff admitted she had not complied with the New York notice of claim requirement. The judge specifically rejected the plaintiff's argument in that case that the EEOC investigation substituted for the notice of claim.

Thus, this Court finds that the plaintiff's failure to file a notice of claim as required by New York law must result in dismissal of his New York Human Rights cause of action.

### *Federal Cause of Action*

The Second Circuit in *Reeves v. Johnson Controls World Srvs., Inc.,* 140 F.3d 144, 149–50 (2nd Cir.1998) laid out the essential elements of a prima facie case under the Americans with Disabilities Act ("ADA"). The plaintiff must show that: (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he could perform the essential functions of his job

with or without [a] reasonable accommodation; and (4) he was [discriminated against] because of his disability.

***Parties' Positions.*** The defendant states that the essential issue is whether the plaintiff, at the time of his termination, could perform the essential functions of the position of Labor Foreman I with the County DES, Defendant's memo, at 7, whereas the plaintiff countered that reasonable accommodation is at issue and that he could have performed the essential functions of his former position with a reasonable accommodation, or could have assumed positions such as dispatcher, clerk III, security worker, pump process assistant, sewer repair supervisor and sewer cleaning supervisor. Plaintiff's memo, at 3. The defendant also disputes whether the plaintiff suffers from a "disability" within the meaning of the ADA, discussed below.

***Essential Functions.*** The defendant cites to 29 C.F.R. § 1630.2(n)(1) and (3) regarding a definition of the "essential functions" which the plaintiff must be able to perform under the ADA to be a "qualified individual with a disability" under 42 U.S.C. § 12111(8):

> 1630.2 (n)(3) Evidence of whether a particular function is essential includes, but is not limited to:
>
> (i) The employer's judgment as to which functions are essential;
>
> (ii) Written job descriptions prepared before advertising or interviewing applicants for the job;
>
> (iii) The amount of time spent on the job performing the function;
>
> (iv) The consequences of not requiring the incumbent to perform the function;
>
> (v) The terms of a collective bargaining agreement;
>
> (vi) The work experience of past incumbents in the job; and/or
>
> (vii) The current work experience of incumbents in similar jobs.

The defendant argues that an essential function of the plaintiff's former position is the ability to labor alongside of those whom he supervised and "operate heavy machinery to service and clean sewer lines, sewer laterals, rebuilding and reconstructing sewer catch basins, and the like. It is not a desk job. It is manual labor in the field making repairs to sewer facilities." Defendant's memo, at 9. The defendant further argues that the law does not require it to either change the job duties, or provide the plaintiff with an alternate job that he could perform. *Guiliano v. Town of North Greenbush,* 1997 WL 31434 (N.D.N.Y.1997).

In *Guiliano* a highway department employee missed work for long periods of time because of chronic neck and shoulder injuries. The town finally fired him. The Northern District held that the defendants there presented "uncontroverted evidence that the ability to perform physical labor is an essential function of the 'laborer' position." *Guiliano,* 1997 WL 31434, at *2. In *Guiliano,* the Northern District found that the plaintiff had not controverted the defendants' evidence of the essential functions of the laborer position.

In the case at bar, the plaintiff disputes that heavy labor is an essential function of his former position. Plaintiff Richard Baker, in his statement[3] (paragraph 19) states, "[w]ith respect to Mr. Graham's contention that a labor foreman was expected to be able to lift up to 100 pounds, such is not a requirement in the job specifications for a labor foreman, which are attached to the moving papers." *See also,* Baker aff., Para. 30 (heavy lifting is not an essential part of the position of labor foreman). The plaintiff has a forty-pound lifting restriction and no repetitive bending restriction. Baker aff., paras. 8 & 12.

---

**3.** The original copy of Richard Baker's affidavit is not sworn—the notary portion of the affidavit is blank. During oral argument, plaintiff's counsel offered to have the document sworn, but this has not been accomplished.

Inasmuch as the "affidavit" is unsworn, the Court could disregard it as it is not evidentiary proof in admissible form sufficient to raise a material question of fact to defeat a motion for summary judgment, or in the alternative, demonstrate an acceptable excuse for its failure to meet this requirement. *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187 (5th Cir.1991); Fed.R.Civ.P. 56(f). However, giving the plaintiff the benefit of the doubt and assuming for the sake of argument that his affidavit was sworn, the Court concludes that the plaintiff has shown material facts in dispute on the "essential elements" issue. Thus, the Court cannot grant summary judgment on this point.

***Defendant's Disability Argument.*** The defendant argues that the Baker "affidavit," at paragraph 33, does not support the plaintiff's contention that he is an individual with a "disability" within the meaning of the ADA (a "substantially limiting impairment"). Defendant's Reply, at 1–2. The defendant cites three cases in which courts in the Eastern and Western Districts of New York have found that disabilities on lifting did not support ADA claims.

■ "An individual is considered disabled, within the meaning of the ADA, if he: (1) has a physical or mental impairment that substantially limits one or more of the major life activities; (2) has a record of such an impairment; or (3) has been regarded as having such an impairment. 42 U.S.C. § 12102(2)(A)-(C)." *Kirkendall v. United Parcel Service,* 964 F.Supp. 106, 109 (W.D.N.Y.1997) (Larimer, C.J.). One may have a disability that does not substantially limit one or more major life activities. *Id.* Although the ADA does not define these terms, the regulations do and provide the following:

> To be substantially limited under the ADA, an individual must be "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can per-

form a particular major life activity" as compared to the average person in the general population. 29 C.F.R. § 1630.2(j)(1)(i)-(ii). "Major life activities" are defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. section 1630.2(i).

> The three factors to be considered when determining whether an impairment substantially limits a major life activity are: (1) "[t]he nature and severity of the impairment"; (2) "[t]he duration or expected duration of the impairment"; and (3) "[t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. section 1630.2(j)(2)(i)-(iii).

*Id.,* at 109–110. In the case at bar, the plaintiff has claimed his physical impairment limits his ability to lift more than 40 pounds and limits him from repetitive bending. When a plaintiff claims an

> impairment limits him in the major life activity of working, he must prove that he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). "[T]he impairment must substantially limit employment generally." *Byrne v. Board of Educ.,* 979 F.2d 560, 565 (7th Cir.1992); *Castro v. Local 1199,* 964 F.Supp. 719, 724–725 (S.D.N.Y. 1997).

*Kirkendall,* 964 F.Supp. at 110. In the case at bar, the plaintiff, in his unsworn statement, has made no claims of limits other than the bending and lifting restrictions. He also states that, "[a]s a result of my injuries, I never had any problem in squatting or with bending, except when

bending had to be done repetitively...." Baker aff., at Para. 24. He also claims, "[there is no question that from October, 1994 to May, 1995 I was unable to work as a labor foreman, but I could do any of the jobs which I listed previously, such as dispatcher....]" Baker aff., at Para. 29. Although the plaintiff, in paragraph 33 of his statement, argues the defendant did not allege that his disability limited him in the exercise of "major life activities," he was nonetheless "substantially limited in [his] ability to walk and sit." The evidence before the Court on this motion does not support the plaintiff's claim regarding his ability to walk or sit. Indeed, the only medical "evidence," if it can be called that, is the handwritten note from the plaintiff's doctor mentioning only his limitation on lifting more than 40 pounds and on repetitive bending. In the *Kirkendall* decision, Chief Judge Larimer also wrote:

> Further, when the major life activity at issue is the ability to work, the court may consider the following three additional factors in determining whether an individual is substantially limited: (1) "[t]he geographical area to which the individual has reasonable access"; (2) "[t]he job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs)"; and/or (3) "[t]he job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes)." 29 C.F.R. § 1630.2(j)(3)(ii)(A)-(C).

*Kirkendall*, 964 F.Supp., at 110. In that case, the plaintiff alleged further limitations on his ability to play with his children and engage in leisure activities and that he consumed several hours in therapeutic exercise and suffered from chronic pain. No such allegations appear in Richard Baker's "affidavit." In *Kirkendall*, Chief Judge Larimer held that

> "[b]ased on the evidence before me, I must conclude that Kirkendall's physical impairment does not cause him to be substantially limited in any major life activity, including the ability to work. Kirkendall's primary limitations are his inability to lift items in excess of 30 pounds, to sit for periods longer than 3 hours at a time, and to engage in certain leisure activities." *Id.*, at 111.

Also, unlike the *Kirkendall* case, the plaintiff at bar has not submitted any medical proof to meet his burden of showing a disability.

***Plaintiff's Answer to the Disability Issue.*** In her responding memorandum of law, the plaintiff's counsel addressed the *Reeves* case. Plaintiff's memo, at 4. She argued that the plaintiff "stated that his back problem, significantly restricted his life activities,[ ] such as walking and sitting. The County never argued in its motion papers, that Plaintiff's impairment did not substantially limit a major life activity." Plaintiff's memo, at 4–5; *see also* Baker aff., at Para. 33.

As the Court found above, the plaintiff's unsworn statement is insufficient evidentiary proof in admissible form; however, notwithstanding that, if Kirkendall's detailed complaints about the limits on his major life activities were insufficient, then certainly Baker's cursory statement in paragraph 33 of his unsworn statement is insufficient proof. As to the plaintiff's argument that the defendant never raised the issue in its motion, the Court directs the plaintiff to the defendant's notice of motion, affidavit of Michael E. Davis, paragraph 11, which states, "Plaintiff was not a qualified individual with a disability within the meaning of the ADA ...." The *Celotex* case allows the defendant to rest on the plaintiff's papers if the defendant can point

out a deficiency in the plaintiff's case. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the "evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 106 S.Ct. 2548, 2555 (1986). The plaintiff has clearly failed to meet his burden of proving he suffers from an impairment that substantially limits a major life activity.

■ *Plaintiff's Argument that the Defendant Considered Him to be Disabled.* The Court must also address the plaintiff's argument that the defendant considered the plaintiff to be disabled, thus, he qualifies as disabled under the ADA. Plaintiff's memo, at 5.

> A person is "regarded as having" an impairment that substantially limits major life activities when others treat that person as having a substantially limiting impairment. *Wooten v. Farmland Foods,* 58 F.3d 382, 385 (8th Cir.1995) (citing 29 C.F.R. § 1630.2(1)(3)). An employer's knowledge that an employee exhibits symptoms which may be associated with an impairment does not necessarily show the employer regarded the employee as disabled. *Hamm v. Runyon,* 51 F.3d 721, 725 (7th Cir.1995); *see also Miller v. National Cas. Co.,* 61 F.3d 627, 629–30 (8th Cir.1995).

*Webb v. Mercy Hospital,* 102 F.3d 958 (8th Cir.1996). "A finding that a plaintiff is substantially limited in working requires a showing that her overall employment opportunities are limited. . . . Thus, the employer would have to regard her as limited in that capacity. 'The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.' 29 C.F.R. section 1630.2(j)(3)(i) (1977)." *Miller v. City of Springfield,* 146 F.3d 612 (8th Cir.1998). As in the *Miller* case, the plaintiff here has not shown that the defendant regarded him as having an impairment that substan-

tially limited a major life activity. Instead, the evidence before the Court shows that the defendant regarded the plaintiff as suffering from an impairment that limited him from performing labor or foreman work in the ESD, not as entirely limiting the plaintiff from working. In fact, the plaintiff's own statement presents evidence that the defendant did not regard him as unable to work at all in a broad range of jobs. It was the plaintiff who proposed that he be allowed to work in the positions of "dispatcher, clerk III, security work, pump and process assistant, sewer repair supervisor and sewer cleaning supervisor." Baker aff., at 2. Thus, the plaintiff has not shown that the defendant regarded him as disabled under the ADA.

### Conclusion

The Court finds that the plaintiff has failed to prove he is substantially limited in a major life activity and, therefore, disabled within the meaning of the ADA. Thus, the Court is not required to address the plaintiff's further argument that the defendant had a duty to modify the plaintiff's job or offer the plaintiff a different position. New York Civil Service Law section 71 refers to reinstatement, implying that the plaintiff's letter request of April 1995 was properly interpreted by the defendant as a request for reinstatement to his former position of Labor Foreman I. Moreover, contrary to the plaintiff's interpretation of *Stone v. City of Mt. Vernon,* 118 F.3d 92 (2nd Cir.1997), there is no general duty imposed on an employer to find a "light duty" position for a disabled employee absent an already-established policy of transferring disabled employees to light duty. *Parisi v. Coca–Cola Bottling Co.,* 995 F.Supp. 298 (E.D.N.Y.1998).

For the foregoing reasons, it is hereby

ORDERED, that the defendant's motion for summary judgment [10] is granted in all respects and the plaintiff's complaint is dismissed.