**Theresa BIGGERS, Plaintiff,**

v.

**BROOKHAVEN–COMSEWOGUE UNION FREE SCHOOL DISTRICT, Defendant.**

**No. CV 00–2873 ADS.**

United States District Court, S.D. New York.

Jan. 5, 2001.

John Ray and Associates, Miller Place, NY (John Ray, Shawn M. Alfano, of Counsel), for Plaintiff Theresa Biggers.

Lamb & Barnosky, LLP, Union Free School District, Melville, NY (Robert H. Cohen, of Counsel), for Defendant Brookhaven–Comsewogue.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Apparently, this case presents an issue novel to the federal courts. In particular, this Court must consider whether a plaintiff's gender discrimination claim vindicates a public interest that would exempt it from the Notice of Claim requirement of New York Education Law section 3813. The plaintiff, Theresa Biggers ("Biggers" or the "plaintiffs") initiated this action against her former employer, Brookhaven–Comsewogue Union Free School District ("School District" or the "defendant"), on May 19, 2000, by filing a complaint alleging gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York Human Rights Law ("NYHRL"). Presently before the Court is the defendant's motion to dismiss the plaintiff's state-law claim on the ground that the plaintiff did not file a notice of claim within the 90–day period that is required by section 3813 of the New York Education Law, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.").

## I. BACKGROUND

The following factual allegations are taken from the plaintiff's complaint. From

June 6, 1988, through July 13, 1990, the plaintiff worked for the defendant as a School Finance Manager. On November 18, 1991, the defendant again hired the plaintiff, this time as a School Business Administrator Intern, a position the plaintiff held until June 1993. In or about November 1992, the former Superintendent of the defendant School District, Alan Austen ("Superintendent Austin"), recommended Biggers to the defendant School District's Board of Education for the position of "Assistant Superintendent of Business" for the 1993–1994 school year.

In June 1993, the Board of Education for the defendant School District offered Biggers the position of "School Business Administrator" instead of Assistant Superintendent of Business. A School Business Administrator has the same duties and responsibilities as an Assistant Superintendent of Business, but receives a lower salary and fewer benefits. Superintendent Austen allegedly informed the plaintiff that the reason the Board of Education for the defendant School District did not offer the plaintiff the title Assistant Superintendent of Business was that she is female.

From June 1993 through January 7, 1994, Biggers' attorneys and the Board of Education entered into negotiations regarding the title, salary, and benefits of Bigger's potential position with the defendant. On January 7, 1994, the defendant informed the plaintiff that its June 1993 offer was no longer negotiable and that the Board of Education would not fill the position of "Assistant Superintendent of Business." The plaintiff alleges that in or about January 1994, Superintendent Austen again told Biggers that she did not receive the title, "Assistant Superintendent of Business," because she is a woman. It is further alleged that the defendant constructively discharged the plaintiff on or about April 15, 1994.

Four months later, on August 15, 1994, the plaintiff filed her charge of gender discrimination with the Equal Employment Opportunity Commission ("EEOC"). On February 22, 2000, the EEOC issued a Notice of Right to Sue.

The complaint alleges two claims for relief. The first claim asserts that the School District intentionally and wilfully discriminated against the plaintiff with regard to her employment, on the basis of her gender, in violation of Title VII. The second claim for relief asserts that the School District discriminated against the plaintiff on account of her gender in violation of the New York Human Rights Law ("NYHRL").

The defendant moves to dismiss the second claim on the ground that the plaintiff did not file a Notice of Claim within the ninety-day period required by the section 3813 of the New York Education Law.

## II. DISCUSSION

Section 3813, subdivision 1, of the New York Education Law provides, in relevant part:

1. No action or special proceeding, for any cause whatever ... shall be prosecuted or maintained against any school district, board of education, [or] board of cooperative educational services ... or any officer of a school district, board of education, [or] board of cooperative educational services ... unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action ... is founded was presented to the governing body of said district ... within three months after the accrual of such claim, and that the ... body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment.

The New York Court of Appeals has interpreted the statute as follows: "The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been 'presented to the governing body,' and this court may not

disregard its pronouncement." *Parochial Bus Sys., Inc. v. Board of Educ.*, 60 N.Y.2d 539, 549, 470 N.Y.S.2d 564, 569, 458 N.E.2d 1241 (1983) (citations omitted). Indeed, the Court of Appeals has "always insisted that statutory requirements mandating notification to the proper public body or official must be fulfilled." *See id.* at 547–48, 470 N.Y.S.2d 564, 458 N.E.2d 1241 (citing *Chesney v. Board of Educ.*, 5 N.Y.2d 1007, 185 N.Y.S.2d 263, 158 N.E.2d 125 (1959); *Munroe v. Booth*, 305 N.Y. 426, 113 N.E.2d 546 (1953)). Thus, a failure to present a claim within ninety days of its accrual is a fatal defect. *See id.* at 547; *Board of Educ. of Union Free School Dist. No. 2 v. State Division of Human Rights*, 44 N.Y.2d 902, 904, 407 N.Y.S.2d 636, 637, 379 N.E.2d 163 (1978) ("Noncompliance with [the notice] requirement likewise bars the right to the relief sought."); *see also, Pinaud v. County of Suffolk*, 798 F.Supp. 913, 925 (E.D.N.Y.1992) (applying notice of claim rules to a state claim brought in federal court pursuant to court's supplemental jurisdiction).

■ Nevertheless, the Court of Appeals has carved out one exception to the notice requirement. The prerequisites of subdivision 1 of section 3813 apply only to those actions which seek the enforcement of private rights, as opposed to those actions that seek vindication of a public interest. *See Union Free School Dist. No. 6 v. New York State Human Rights Appeal Board*, 35 N.Y.2d 371, 379–80, 362 N.Y.S.2d 139, 145, 320 N.E.2d 859 (1974); *see also Board of Educ.*, 44 N.Y.2d at 904, 407 N.Y.S.2d 636, 379 N.E.2d 163.

In this action, the plaintiff never filed a notice of claim. Moreover, the plaintiff is not exempt from the notice requirement because she seeks enforcement of a private right. Although "[a]ll actions brought to enforce civil rights can be said to be in the public interest," *Mills v. County of Monroe*, 59 N.Y.2d 307, 311, 464 N.Y.S.2d 709, 711, 451 N.E.2d 456 (1983), actions that seek relief for a similarly situated class of the public are deserving of special treatment, such as relief from the notice requirement. *See id.* at 311–12, 464 N.Y.S.2d 709, 451 N.E.2d 456.

■ However, in the instant case, it is clear that the plaintiff's action was not brought to vindicate a public interest, and she would not be entitled to a waiver of the notice requirement. *See id.* at 312, 464 N.Y.S.2d 709, 451 N.E.2d 456. Her allegations of discriminatory conduct on the part of the School District refer only to conduct as it relates to her. *See id.* She seeks relief on the basis that she alone was denied a certain position on the basis of her gender. *See id.* In addition, she seeks money damages for her own alleged emotional and financial suffering. "Inasmuch as the disposition of [the] plaintiff's claim [is] not intended nor could it directly affect or vindicate the rights of others, her action is properly characterized as one seeking the enforcement of private rights." *Id.; see In re Saranac Lake Central School Dist. v. New York State Div. of Human Rights*, 226 A.D.2d 794, 795, 640 N.Y.S.2d 303 (N.Y.A.D. 3d Dept.1996) (holding that in a case alleging gender-based discrimination, complaint sought to enforce private right because it alleged discriminatory conduct relating only to complainant and sought money damages for lost wages and damage to plaintiff's reputation); *see also, Taylor v. Brentwood Union Free Sch. Dist.*, 908 F.Supp. 1165, 1175 (E.D.N.Y.1995) (applying notice of claim requirement to discrimination claims brought pursuant to N.Y. Executive Law § 296 in federal court), *rev'd on other grounds*, 143 F.3d 679 (2d Cir.1998). Accordingly, the Court finds that the plaintiff is not exempt from the notice requirement of section 3813 of the Education Law. *See Board of Educ.*, 44 N.Y.2d at 904, 407 N.Y.S.2d 636, 379 N.E.2d 163; *Union Free School Dist.*, 35 N.Y.2d at 379–80, 362 N.Y.S.2d 139, 320 N.E.2d 859.

■ In her opposition papers, the plaintiff argues, among other things, that her state discrimination claim should not

be dismissed because the School District (1) has not suffered any prejudice from her failure to file a notice of claim and (2) had actual knowledge of the plaintiff's claim. However, lack of prejudice to the defendant is not a factor that a court may consider when deciding a motion to dismiss for failure to file a notice of claim. *See Parochial Bus,* 60 N.Y.2d at 548, 470 N.Y.S.2d 564, 458 N.E.2d 1241. In addition, a plaintiff cannot satisfy section 3813 of the Education Law by demonstrating that the defendant had actual notice of the plaintiff's claim. *Id.* "What the statute exacts is notice of the claim." *Id.*

Furthermore, contrary to the plaintiff's additional argument, the Court also finds that even if the plaintiff's EEOC filing constituted notice of her claim to the School District, that notice was not filed within the statutory three-month period. *See* Education Law § 3813(1). Viewing the facts in the light most favorable to the plaintiff, her allegation of discriminatory conduct could have accrued as late as April 15, 1994, the day she alleges she was constructively terminated. She did not file her charge with the EEOC until August 15, 1994, four months later. Thus, even if the EEOC filing could be construed as notice to the School District, a finding that this Court is not making, that notice would not have been timely. *See id.* Therefore, the plaintiff's state discrimination claim is dismissed for her failure to file a notice of claim as required by section 3813(1) of the Education Law. *See Mills,* 59 N.Y.2d at 311, 464 N.Y.S.2d 709, 451 N.E.2d 456; *Board of Educ.,* 44 N.Y.2d at 904, 407 N.Y.S.2d 636, 379 N.E.2d 163 (dismissing claim alleging unlawful discriminatory practice on the basis of gender where the claimants failed to file a notice of claim and the prescribed time period had expired).

## III. CONCLUSION

Having reviewed the parties' submissions and given them an opportunity for oral argument it is hereby

**ORDERED,** that the defendant's motion to dismiss the plaintiff's second claim for relief is **GRANTED,** and that claim is dismissed.

**SO ORDERED.**