OPINION OF THE COURT
 

 Graffeo, J.
 

 After being terminated from her employment at the Nassau County Department of Health, petitioner Anita Freudenthal filed an administrative complaint with the New York State Division of Human Rights contending her termination was the result of unlawful discriminatory practices in violation of the New York Human Rights Law. The issue before us is whether petitioner is foreclosed from pursuing her complaint at the Division due to her failure to file a notice of claim with Nassau County within 90 days following her
 
 *289
 
 termination. We conclude, as did the Appellate Division, that petitioner was not required to file a notice of claim as a condition precedent to administrative review of her complaint by the Division of Human Rights.
 

 On January 9, 1992, petitioner was terminated from her employment as Chief of the Office of Marine Ecology for the Nassau County Department of Health. Petitioner timely filed a formal charge of discrimination with the New York State Division of Human Rights in April 1992. As later amended, her claim alleged that she was terminated as a result of gender and age discrimination. The Division notified the Nassau County Department of Health of petitioner’s allegations within weeks of the filing of the complaint and, soon thereafter, the Department filed written responses contending that petitioner’s position was abolished due to budget cuts. After a preliminary investigation, the Division concluded there was probable cause to believe the Department had engaged in discrimination and recommended that a hearing be scheduled or, upon agreement of the parties, that the matter be submitted to arbitration. No hearing or other action was taken, however, until July 1999 when the Division notified petitioner of its intent to dismiss her complaint based on her failure to file a notice of claim with the County within 90 days after her termination in accordance with County Law § 52 (1).
 

 Petitioner then commenced this judicial proceeding against Nassau County and the Nassau County Department of Health seeking a declaratory judgment that her failure to file a notice of claim was not a valid ground for dismissal of her administrative complaint or, in the alternative, requesting permission to file a late notice of claim. Supreme Court declared that petitioner was not required to serve Nassau County with a notice of claim prior to pursuing relief from the Division of Human Rights and the Appellate Division affirmed.
 

 Executive Law article 15, New York’s Human Rights Law, precludes discrimination in employment on the basis of age, race, creed, color, national origin, sexual orientation, sex, disability, genetic predisposition or carrier status, or marital status (Executive Law § 296 [1]). “To ensure the protection of [these rights] the Legislature enacted a comprehensive statutory scheme that provides employees with both the means to combat employment discrimination and a framework for redress”
 
 (Matter of Aurecchione v New York State Div. of Human Rights,
 
 98 NY2d 21, 25 [2002]). Integral to the scheme was the creation in 1968 of the Division of Human Rights, an
 
 *290
 
 executive agency whose primary mission is to actively enforce the substantive provisions of the Human Rights Law
 
 (see
 
 L 1968, ch 958). We have recognized that the agency has acquired “decades of special experience in weighing the merit and value of [Human Rights Law] claims”
 
 (Matter of New York City Tr. Auth. v State Div. of Human Rights,
 
 78 NY2d 207, 216 [1991]).
 

 In addition to a private right to commence a judicial action based on a Human Rights Law violation, the Legislature also provided a unique and exclusive forum for the adjudication of claims of unlawful discrimination — an administrative proceeding before the Division. Under the statutory election of remedies provisions, when an aggrieved party chooses to file a claim before the Division, the complainant is generally foreclosed from seeking redress elsewhere while the claim is pending
 
 (see
 
 Executive Law § 297 [9]; § 300).
 

 Executive Law § 297 sets forth the procedures for the filing and resolution of complaints of unlawful discrimination by the Division. That statute specifically prescribes the time period within which an aggrieved party must pursue relief, requiring that the party file a verified complaint in writing with the Division “within one year after the alleged unlawful discriminatory practice” (Executive Law § 297 [5];
 
 see also
 
 9 NYCRR 465.3 [e]). When a complaint is filed, the Division is obligated to promptly serve a copy on the respondents (Executive Law § 297 [2];
 
 see also
 
 9 NYCRR 465.3 [g]), who are given an opportunity to respond. The Division then investigates and determines whether there is probable cause to proceed further
 
 (see
 
 Executive Law § 297 [2] [a]). Upon a preliminary finding of probable cause, the Division attempts conciliation of the dispute between the parties
 
 (see
 
 Executive Law § 297 [3] [a]) and, absent a settlement or an agreement to arbitrate, schedules the matter for a hearing
 
 (see
 
 Executive Law § 297 [4]).
 

 In the event that a petitioner proceeds without legal representation, the Division will supply an agency attorney or other agent to present the complainant’s case at the hearing
 
 (see
 
 9 NYCRR 465.13 [d] [1]). Even when a petitioner has retained private counsel, “[w]here the division attorney determines that there exists a substantial public interest or an important or novel issue of law, the division attorney shall appear at the hearing” (9 NYCRR 465.13 [h] [1]) and assist in prosecution of the claim. After the hearing, the Commissioner issues findings of fact and a determination addressing the merits of the discrimination claim
 
 (see
 
 Executive Law § 297 [4] [c]).
 

 
 *291
 
 If the complaint is sustained, the Commissioner has broad powers to grant relief “reasonably related to the discriminatory conduct”
 
 (Matter of New York City Tr. Auth. v State Div. of Human Rights,
 
 78 NY2d at 217). Indeed, “the extremely strong statutory policy of eliminating discrimination gives the Commissioner greater discretion in effecting an appropriate remedy than under strict common-law principles”
 
 (id.
 
 at 216) and, as a result, “[t]he administrative forum offers a complainant remedies not available from a court”
 
 (Marine Midland Bank v New York State Div. of Human Rights,
 
 75 NY2d 240, 244 [1989], citing Executive Law § 297 [3] [a]). In addition to restoring a benefit unlawfully taken from the aggrieved party, the Commissioner is authorized to order an employer to cease and desist the discriminatory practice, direct the reinstatement of employees with or without back pay, and award compensatory damages, including for mental anguish and other forms of pain and suffering
 
 (see
 
 Executive Law § 297 [4] [c];
 
 Matter of New York City Tr. Auth. v State Div. of Human Rights,
 
 78 NY2d 207). In short, the Division is empowered to make an aggrieved party whole and, in the process, to eradicate the underlying discriminatory practices that resulted in injury.
 

 As is evident from the foregoing, the Division’s administrative forum affords petitioners seeking redress for their claims a procedurally less complicated alternative to litigation in court. The proceeding is also designed to be affordable; it allows a complainant to avoid filing fees and other expenses related to commencement of a civil action and facilitates prosecution of the claim without hiring an attorney. And because conciliation efforts are an integral part of the administrative process, it provides a unique vehicle — effective in some instances — to resolve claims expeditiously
 
 (see
 
 Executive Law § 297 [3]).
 

 In this case, it is undisputed that petitioner met the Executive Law § 297 (5) time requirement by filing her complaint with the Division within the one-year limitations period. Thereafter, the Division promptly notified the alleged wrongdoer of the complaint — the Nassau County Department of Health was advised of the allegations within weeks of the filing of the complaint.
 

 Although petitioner concededly complied with the procedural requirements of Executive Law § 297, respondents contend that the filing of a notice of claim with the County was a prerequisite to bringing a section 297 proceeding and her failure
 
 *292
 
 to do so mandates dismissal of the proceeding. We disagree. Nothing in the Human Rights statutes or regulations suggests that an aggrieved party is required to take any action prior to seeking administrative relief beyond timely filing a complaint with the Division, nor would judicial imposition of such a requirement be consistent with the Legislature’s intent to provide aggrieved parties a simplified alternative to litigation as a means to resolve discrimination claims.
 

 The only reference in the administrative scheme to additional procedural requirements appears in Executive Law § 297 (9) which states that, after the Division dismisses a complaint for administrative convenience, an aggrieved party who then seeks judicial relief is subject to “the statute of limitations in effect in such court at the time the complaint was initially filed with the division.” Thus, the Legislature was well aware that statutes of limitations found outside Executive Law § 297 (5) would be applied to discrimination claims brought in court. If the Legislature intended that those limiting statutes apply to section 297 proceedings it would have so provided.
 
 [1]
 
 And if external statutes of limitations do not govern pending Division proceedings, we are not persuaded that notice of claim requirements should be applied.
 

 The Division relied on
 
 Mills v County of Monroe
 
 (59 NY2d 307 [1983]) and County Law § 52 (1) as the basis for imposing a notice of claim requirement as a condition precedent to relief
 
 *293
 
 in these circumstances.
 
 [2]
 
 Neither of those authorities compels us to import such a requirement into an Executive Law § 297 proceeding.
 

 The issue before the Court in
 
 Mills
 
 was whether the County Law § 52 (1) notice of claim requirement applied to plaintiffs employment discrimination action commenced in Supreme Court under Executive Law § 296 and 42 USC § 1981. Because
 
 Mills
 
 involved a judicial action rather than a Division of Human Rights administrative proceeding, Executive Law § 297 (5) was not implicated. Hence, in determining that the filing of a notice of claim was a condition precedent to judicial relief under the circumstances of that case, the Court was not presented with and did not decide the issue before us here— whether an aggrieved party’s failure to file a notice of claim is a fatal defect necessitating dismissal of an Executive Law § 297 proceeding.
 

 County Law § 52 (1) incorporates by reference the notice of claim requirement articulated in General Municipal Law § 50-e (1) (a), which provides that “[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to commencement of an action or special proceeding,” a notice of claim must be served within 90 days after the claim arises. The penalty for noncompliance appears in General Municipal Law § 50-i (1), which prohibits an “action or special proceeding” from being prosecuted against a “city, county, town, village, fire district or school district for personal injury, wrongful death or damage to real or personal property” unless a notice of claim has been timely served. Given the Legislature’s intent that the Division provide a unique vehicle for administrative relief, and in light of the specific procedure set forth in Executive Law § 297 (5) for commencing a Division proceeding, we discern no evidence of legislative intention to classify a Division of Human Rights proceeding as akin to the typical “action or special proceeding” referenced in the general notice of claim provisions upon which respondents rely.
 
 [3]
 
 Accordingly, we concur with Supreme Court and the Appellate
 
 *294
 
 Division that the General Municipal Law § 50-i penalty of dismissal for failure to file a notice of claim is inapplicable in this context.
 

 To the extent that our decision in
 
 Board of Educ. of Union Free School Dist. No. 2, E. Williston, Town of N. Hempstead v New York State Div. of Human Rights
 
 (Arluck) (44 NY2d 902 [1978]) suggests that a petitioner must file a notice of claim prior to pursuing administrative relief from the Division, it is not to be followed.
 

 Because we hold that notice of claim requirements are inapplicable to Executive Law § 297 claims timely filed with the Division, we need not address petitioner’s further argument that her claim fell within the exception to the notice of claim requirement for actions brought to vindicate a public interest.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Read concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Notably, before Executive Law § 297 (9) was amended in 1997 (see L 1997, ch 374), a party who attempted to pursue a claim in the Division but failed to timely commence the proceeding under section 297 (5) was foreclosed either from obtaining relief from the Division or from bringing a judicial action (see
 
 Marine Midland Bank v New York State Div. of Human Rights,
 
 75 NY2d 240 [1989]). Even though the statute of limitations applicable to the judicial action had not elapsed, we held that once petitioner elected to initiate a Division proceeding, the claim was governed by the commencement requirements in section 297 (5) even though this provision imposed a shorter limitations period. The election of remedies provisions we interpreted in
 
 Marine Midland
 
 have since been substantially amended to allow aggrieved parties broader access to courts following a Division dismissal
 
 (see L
 
 1997, ch 374; Executive Law § 297 [9]). However, the one-year filing requirement in section 297 (5) remains unchanged. In this case, we are asked to determine the converse issue: if a petitioner timely files a claim under section 297 (5) must her complaint be dismissed due to her failure to file a notice of claim? Imposing this requirement would significantly reduce the complainant’s time to act to protect the right to seek redress of a claim in the administrative forum. Having concluded in
 
 Marine Midland
 
 that a complainant who pursues a section 297 proceeding is not entitled to rely on the longer limitations periods available in court, we decline to hold in this case that a complainant is nonetheless required to comply with the shorter commencement requirements imposed by notice of claim statutes.
 

 [2]
 

 . The Division has since altered its position and now contends, in an amicus brief submitted in this Court, that a petitioner need not file a notice of claim prior to pursuing relief before the Division under Executive Law §297.
 

 [3]
 

 . Although the Division referred only to County Law § 52 (1), respondents also rely on the comparable notice of claim requirement in Nassau County Administrative Code § 11-4.1. Because we conclude that Division proceedings are governed exclusively by the commencement procedures in Executive Law
 
 *294
 
 § 297 (5), we have no occasion to address this Administrative Code provision.