**Sherry HINES, Plaintiff,**

v.

**VILLAGE OF HEMPSTEAD POLICE DEPARTMENT, Defendant.**

**No. CV 08–5236.**

United States District Court, E.D. New York.

July 22, 2010.

369

Leeds Morelli & Brown, P.C., by Matthew Porges, Esq., Carle Place, NY, for Plaintiff.

Bond Schoeneck & King, PLLC, by Howard M. Miller, Esq., Garden City, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge:

This is an employment discrimination case in which Plaintiff Sherry Hines ("Hines") a member of the Defendant Village of Hempstead Police Department, initially asserted Federal and State law causes of action sounding in racial and gender discrimination, as well as retaliation. In a Memorandum and Order dated April 12, 2010 (the "April Order") this court dismissed Plaintiff's claims of racial discrimination on the ground that Plaintiff failed to exhaust her administrative remedies by not raising such a claim before the EEOC.

Presently before the court is Plaintiff's request to clarify the April Order to specify whether Plaintiff's State law discrimination claims, asserted pursuant to the New York State Human Rights Law ("NYSHRL") survive. For the reason set forth below, the court holds that they do not.

## DISCUSSION

Section 50–i of the New York State General Municipal Law provides that a plaintiff may not maintain an action "for personal injury, wrongful death or damage to real or personal property" that the plaintiff alleges to have been sustained "by reason of the negligence or wrongful act" of, *inter alia*, a village, unless Plaintiff has filed a statutorily appropriate notice of such claim. N.Y. Gen. Mun. L. § 50–i(a). There is no question that no such notice was filed in this matter. Plaintiff argues, however, that the notice of claim requirement referred to above does not apply to

claims brought pursuant to the NYSHRL. The court disagrees.

■ Where as here, a plaintiff brings a claim for employment discrimination against a village, failure to file a notice of claim bars the action. *Cody v. County of Nassau,* 577 F.Supp.2d 623, 648–49 (E.D.N.Y.2008); *Cotz v. Mastroeni,* 476 F.Supp.2d 332, 355 (S.D.N.Y.2007); *see Alessi v. Monroe County,* 2010 WL 161488 *11 (W.D.N.Y.2010); *Mills v. County of Monroe,* 59 N.Y.2d 307, 464 N.Y.S.2d 709, 712, 451 N.E.2d 456 (1983). Such a bar is fatal to the claim unless the action can be characterized as having been brought in the public interest. *Cody,* 577 F.Supp.2d at 648; *Mills,* 464 N.Y.S.2d at 712, 451 N.E.2d 456. Where, as here, a plaintiff brings a lawsuit seeking damages for her own loss of wages and other personal damages, the action is not one in the "public interest," and a notice of claim is required. *Mills,* 464 N.Y.S.2d at 712, 451 N.E.2d 456.

Plaintiff's NYSHRL claim is a purely personal action seeking damages for employment discrimination. In view of the foregoing legal principles and the fact that Plaintiff has not filed a notice of claim, any and all NYSHRL causes of action are dismissed.

### CONCLUSION

For the foregoing reasons, all of Plaintiff's state law claims are dismissed.

SO ORDERED.