Read, J.
(concurring). The threshold question on this appeal is whether a timely notice of claim was a condition precedent to plaintiffs’ lawsuit alleging that the City of Buffalo violated the Human Rights Law. I agree with my colleagues that sections 50-e and 50-i of the General Municipal Law are more naturally read to exclude plaintiffs’ claims from the notice-of-claim requirements generally applicable to suits against governmental entities. I write separately simply to highlight an inconsistency in New York law, which the legislature might choose to address.
We have held that an employment discrimination claim brought against a county under the Human Rights Law is subject to County Law § 52 (l)’s notice-of-claim requirement (Mills v County of Monroe, 89 AD2d 776 [4th Dept 1982], affd *733 59 NY2d 307, 309 [1983], cert denied 464 US 1018 [1983], overruled in part on other grounds by Felder v Casey, 487 US 131 [1988]; see also Matter of Freudenthal v County of Nassau, 99 NY2d 285, 292-293 [2003]). Section 52 (1) is worded similarly, but not identically, to section 50-i.
In Mills, we observed that
“the State’s notice requirements are [not] antithetical to the policy underlying the civil rights laws . . .
“[N]otice of claim requirements in this State serve an important State interest. Requiring notice allows a governmental subdivision a meaningful opportunity to investigate in a timely manner the circumstances that gave rise to a claim” (59 NY2d at 310).
There are certainly reasons why the legislature might nonetheless choose to treat civil rights actions differently, as this opinion suggests; however, it is hard to believe that the legislature ever intended to create a situation where an action brought against the County of Erie alleging violations of the Human Rights Law would require a notice of claim as a condition precedent to suit, while the same type of action brought against the City of Buffalo would not.